[S.F. No. 22994. In Bank. Mar. 5, 1973.]

RUCHELL MAGEE et al., Petitioners, v.
THE SUPERIOR COURT OF THE CITY AND COUNTY OF
SAN FRANCISCO, Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Robert D. Carrow, Ramsey Clark, Joseph A. Forest, Robert Y. Bell, Ernest L. Graves and David A. Applen for Petitioners.

Thomas M. O'Connor, City Attorney, and Rene Auguste Chouteau, Deputy City Attorney, for Respondent.

Evelle J. Younger, Attorney General, and Albert W. Harris, Jr., Assistant Attorney General, for Real Party in Interest.

## OPINION

**THE COURT.**—Petitioner Magee, charged with murder and other serious offenses, is presently defendant in a criminal proceeding now in progress before respondent court entitled People v. Ruchell Magee, superior court No. 83668. He, his court-appointed attorney of record Robert D. Carrow, and Ramsey Clark, seek a writ of mandate commanding respondent court to permit the association of Mr. Clark to assist in the defense of petitioner Magee in said criminal proceeding. Pending final determination of this matter we have stayed all proceedings below. Petitioners, respondent court, and the People as real party in interest, have all stipulated (a) that issuance by this court of an alternative writ or an order to show cause is waived, and (b) that oral argument is waived and the matter may be determined on the basis of the documents which have been heretofore filed.

Petitioner Ramsey Clark, a former Attorney General of the United States, is licensed to practice law in the states of New York and Texas and the District of Columbia. He is not a member of the State Bar of California and, therefore, is not licensed to practice in this state. On February 14, 1973, Magee and his attorney of record, Mr. Carrow, filed in open court a notice of association of attorneys together with an acceptance of association by Mr. Clark which stated his "understanding that [said association] is without compensation by the City and County of San Francisco or the State of California." On or about the same date they filed a document entitled "Declaration re: Familiarity of Associated Counsel with Pending Cause," wherein Mr. Carrow set forth facts relative to Mr. Clark's present readiness to proceed. However, respondent court refused to accept and purported to "deny" said association, taking the position then and in subsequent proceedings that no new co-counsel would be "appointed" unless the court personally knew such counsel and his qualifications and had confidence in him.

We have concluded (1) that respondent court has utilized improper standards in passing upon petitioners' attempted association of attorneys, and (2) that the circumstances of this case justify the correction of this error during the progress of the trial by means of the issuance of an extraordinary writ.

It must first be emphasized that petitioners herein are not seeking to have Mr. Clark *appointed* under the provisions of section 987 of the Penal Code to serve at public expense. Neither do they ask that Mr. Clark be *substituted* as attorney of record in place of Mr. Carrow. Rather, they seek to *associate* Mr. Clark, an attorney licensed to practice in other

states but not in this state, to assist in the defense. Because Mr. Clark has waived any right to public compensation he might have, he comes before the court as a *retained* out-of-state attorney seeking to be associated in a pending proceeding.

The California Rules of Court explicitly provide for such an association. Rule 983, adopted by this court effective September 13, 1972, provides in substance that an attorney licensed to practice in other jurisdictions who has been retained to appear in a pending cause may in the discretion of the court be permitted to do so upon written application, provided that an active member of the State Bar is associated as attorney of record. Insofar as the record presented to us shows, neither the court nor any counsel were aware of this rule or its applicability. In view of this we deem it unnecessary to presently determine whether the documents filed in this case were sufficient to constitute an application for association of counsel *pro hac vice* under the rule. The relief which we grant will require that the matter of Mr. Clark's association be considered under said rule according to the constitutional principles which we now proceed to explain.

The guiding precept governing the exercise of judicial discretion in this area was stated by this court in *People* v. *Crovedi* (1966) 65 Cal.2d 199, at page 208 [53 Cal.Rptr. 284, 417 P.2d 868]. There, after a review of relevant cases, we embraced the conviction "that the state should keep to a necessary minimum its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources—and that that desire can constitutionally be forced to yield only when it will result in significant prejudice to the defendant himself or in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case."     It is this principle which must inform the exercise of discretion in the instant case. Reasoning which eludes or ignores its effect is necessarily beyond the realm of proper judicial determination when it is the right to representation by retained counsel which is at stake.

In the instant case respondent court based its refusal to allow the association of Mr. Clark on the grounds that Mr. Clark was not personally known to the court, did not enjoy the court's personal confidence, and was not known by the court to be qualified. In fact, certain remarks of the court indicate that it was not disposed to "appoint" any co-counsel for Magee, retained or otherwise, who was not chosen *by the court rather than defendant.* This position cannot be justified under the principle we have expressed. Whether or not the court is personally acquainted with

the attorney to be associated, or whether or not that attorney enjoys the confidence of the court, are considerations wholly irrelevant to the constitutional issues confronting the trial court. It is the *defendant's* confidence which is at stake, not that of the court. The proper concern of the court is, in terms of the principle expressed in *Crovedi,* whether the defendant's desire to be represented by a particular retained attorney should be made to yield because it "will result . . . in a disruption of the orderly processes of justice unreasonable under the circumstances of the particular case." (*Id.* at p. 208.) That inquiry, in the context of an application under rule 983, *will* include an examination of the qualifications of the attorney sought to be associated but only with a view to determining whether he possesses the formal requisites for practice. Other factors are also clearly within the purview of proper inquiry—including of course the readiness of the attorney to proceed—but all must be related to the central question which, for purposes of practical application, might best be stated in two parts: (1) Will the granting of defendant's application to be represented by a particular retained attorney result in disruption of the orderly processes of justice in the particular case? (2) If so, will such disruption be significant enough to justify the abridgement of defendant's right to defend himself in the manner which *he* deems best?[1]

We have concluded that the circumstances of this case justify the issuance of an extraordinary writ in order to prevent the trial from becoming infected with constitutional error. The trial of this case has so far consumed some 14 weeks, 7 of which have involved the presentation of evidence. The jury has been sequestered since being impanelled. Due to the unusually tumultuous atmosphere which has surrounded the proceeding, elaborate and expensive security precautions have been taken—not the least striking of which has been the transportation of defendant by helicopter from San Quentin to court and back each trial day. In the light of these unique circumstances of the trial and the gravity of the charges against defendant we feel constrained to exercise all reasonable precautions within our powers to the end of preventing errors of constitutional dimension from infecting the record. We therefore feel compelled to provide relief through the extraordinary writ of mandate.

Fully aware of the impact of such relief during the course of an on-

[1]It should be noted that while the right to appear by retained counsel of one's choice will tolerate the denial of an application for association only in extreme circumstances, a person who has been permitted to appear as counsel *pro hac vice* pursuant to rule 983 is by the terms of that rule (1) subject to the jurisdiction of the courts of California with respect to the law governing the conduct of attorneys, and (2) subject to the disciplinary jurisdiction of the State Bar with respect to any acts occurring in the course of his appearance.

going criminal trial, we reiterate that the circumstances here present are unique, and the constitutional rights to counsel and to present a defense in a criminal case are among the most sacred and sensitive of our civil rights. Nevertheless we intervene here with great reluctance and only because of the compelling circumstances, and we emphasize that our action should not be deemed indicative of our willingness, much less our desire, to intervene during the trial of any cause, civil or criminal.

Let a peremptory writ of mandate issue commanding respondent superior court to entertain and consider any application of petitioners to associate Ramsey Clark as counsel *pro hac vice* in accordance with rule 983 of the California Rules of Court and to rule upon such application in accordance with said rule and the views set forth in this opinion.

Petitioners shall recover their costs.

This order shall be final forthwith.