[Civ. No. 14631. Fourth Dist., Div. One. May 4, 1977.]

THE PEOPLE, Plaintiff and Respondent, v.
THE MUNICIPAL COURT FOR THE SAN DIEGO JUDICIAL
DISTRICT OF SAN DIEGO COUNTY, Defendant and Respondent;
GREGORY MICHAEL WOLFE, Real Party in Interest and Appellant.

## COUNSEL

Thomas & Witt and Earl J. Thomas for Real Party in Interest and Appellant.

John W. Witt, City Attorney, Stuart H. Swett, Chief Deputy City Attorney, and Paul E. Robinson, Deputy City Attorney, for Plaintiff and Respondent.

No appearance for Defendant and Respondent.

## OPINION

**AULT, J.**\*—Gregory Michael Wolfe, the real party in interest, appeals from a judgment granting writs of mandate and prohibition (1)

---

\*Retired Associate Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

commanding the municipal court to disqualify Floyd L. Morrow from serving as appellant's defense counsel in a certain criminal case (No. M-172028) after vacating its order denying the People's motion to disqualify him and (2) restraining the municipal court generally from allowing city councilmen-attorneys to represent criminal defendants when members of the San Diego Police Department are involved as prosecuting witnesses. Wolfe contends the dismissal of Morrow deprives him of his constitutional right to counsel of his own choosing and was not required by either Government Code section 1126, subdivision (a) or *People v. Rhodes,* 12 Cal.3d 180 [115 Cal.Rptr. 235, 524 P.2d 363].

In *Rhodes,* without reaching the constitutional issue, the Supreme Court announced, as a judicially declared rule of criminal procedure, that a city attorney with prosecutorial responsibilities may not defend or assist in the defense of persons accused of crime. After noting a potentially debilitating conflict of interest (because such an attorney might be reluctant to cross-examine and criticize police officers upon whose testimony he relies when prosecuting violations of city ordinances) and also that, even if defendants' interests are unaffected, the proper functioning of the criminal justice system may be endangered where public prosecutors engage in the private representation of criminal defendants, the court added: ". . . we are persuaded that there are other compelling public policy considerations which render it inappropriate for a city attorney with prosecutorial responsibilities to represent criminal defendants. It is essential that the public have absolute confidence in the integrity and impartiality of our system of criminal justice. This requires that public officials not only in fact properly discharge their responsibilities but also that such officials avoid, as much as is possible, the *appearance* of impropriety." (*People v. Rhodes,* 12 Cal.3d 180, 185 [115 Cal.Rptr. 235, 524 P.2d 363].)

The facts are essentially undisputed. Floyd M. Morrow, who is both an attorney and a San Diego City Councilman, began to defend Wolfe in the present matter when a petition under Welfare and Institutions Code section 602 was pending against him in the juvenile court (No. 93647). Morrow was Wolfe's "retained" counsel although he was not asking for a fee. (Wolfe's father is Morrow's friend and client.) On January 21, 1975 the juvenile court found Wolfe not a fit subject for consideration under the juvenile court law and ordered the district attorney to prosecute him under the appropriate statute.

Wolfe was then charged in the municipal court with violating Penal Code section 381 (inhalation of poison), a misdemeanor which either the district attorney or the city attorney has authority to prosecute (Gov. Code, § 41803.5; San Diego City Charter § 40.1). However, pursuant to their long-time working agreement, the district attorney allowed the city attorney to be substituted as attorney for the People to prosecute the misdemeanor case.

The city attorney moved to disqualify Morrow from serving as defense counsel on the ground of conflict of interest. The municipal court found Wolfe was fully aware of Morrow's office when he chose him as his defense counsel and had in open court affirmed his desire to have Morrow continue and affirmatively waived any possible irregularities; such representation did not prejudice the People, did not significantly prejudice Wolfe, and posed no threat to the judicial system; Morrow's representation of Wolfe was without compensation and was not an activity incompatible with his office within the meaning of Government Code section 1126, subdivision (a). Concluding that *Rhodes'* dictum concerning the importance of avoiding the *"appearance* of impropriety" should not be extended so as to deny a criminal defendant his fundamental right to be represented by counsel of his own choosing, the municipal court denied the People's motion.

The city attorney petitioned the superior court for writs of mandate and prohibition, contending the municipal court had abused its discretion by failing to follow conflict of interest opinions of California courts, of the State Attorney General, and of various ethics committees of the American Bar Association and local bar associations, and that the court would continue to do the same in the future unless restrained.

Noting *Rhodes'* statement that public officials must avoid the *appearance* of impropriety, the superior court granted the writs, reasoning that Morrow's employment by Wolfe was not necessarily without compensation despite his no-fee arrangement and that, while financial prejudice to Wolfe is probable if he is required to change counsel, a defendant's right to counsel of his own choosing is not absolute, and here the *possibility* of actual prejudice to the judicial system if Morrow continues in the case outweighs that of the defendant.

## Discussion

■ Wolfe contends the superior court abused its discretion by disqualifying his defense counsel predicated on a substitution of attorneys by the People without proof of any actual conflict of interest or any actual prejudice to the People. He maintains his constitutional rights to counsel under the Sixth and Fourteenth Amendments have been violated, citing *People* v. *Crovedi*, 65 Cal.2d 199, 208 [53 Cal.Rptr. 284, 417 P.2d 868], where the court said: " . . . the state should keep to a *necessary minimum* its interference with the individual's desire to defend himself in whatever manner he deems best, using any legitimate means within his resources—and that that desire can constitutionally be forced to yield only when it will result in *significant prejudice* to the defendant himself or in a disruption of the orderly process of justice *unreasonable* under the circumstances of the particular case." (Italics added.) [This guiding principle was recently reaffirmed in *Magee* v. *Superior Court*, 8 Cal.3d 949, 952 (106 Cal.Rptr. 647, 506 P.2d 1023).] Wolfe contends his defense counsel should not be disqualified merely for some "appearance of impropriety." He points out that after the *Rhodes* court restricted criminal defense practice by city prosecutors, the Legislature enacted Government Code section 41805 providing in part as follows: "(a) No city attorney who does not, in fact, exercise prosecutorial responsibilities on behalf of the city or cities by which he is employed shall be precluded from defending or assisting in the defense of, or acting as counsel for, any person accused of any crime except for violation of any ordinance of the city or cities by which he is employed, provided that:

"(1) The city or cities by which he is employed expressly relieve him of any and all prosecutorial responsibilities on its or their behalf; and

"(2) The accused has been informed of and expressly waives any rights created as a result of any potential conflict created by his attorney's position as a city attorney."

Arguing that an attorney who serves the city only as an elected legislator should not be treated more severely than a city attorney without prosecutorial responsibilities, Wolfe contends under California law his right to counsel of his own choice should have been respected.

The People, on the other hand, contend that under the rationale of *Rhodes* the appearance of impropriety alone is a sufficient ground for disqualifying a public official from acting as counsel. They claim, even

without their substitution of attorneys, an "unhealthy situation" would be created when a member of the city council would oppose San Diego police officers testifying for the People. The People rely on an informal, advisory opinion issued by the Ethics Committee of the San Diego County Bar Association in 1969 which concluded it would be improper for a city councilman-attorney to represent criminal defendants in criminal actions involving misdemeanor violations of the Vehicle Code, city ordinances, or testimony by police officers. Also cited is *Montgomery v. Superior Court,* 46 Cal.App.3d 657, 674 [121 Cal.Rptr. 44], where the court said: "We sum up: the city attorney of a city which has validly divested him of prosecutorial responsibilities, or his professional associates in the practice of law, may defend or assist in the defense of any criminal action (1) *in which personnel of the employing city are not involved in any significant respect* and (2) in which the defendant has knowingly and intelligently waived any irregularity which might be perceived by reason of the *Rhodes* proscription (*People v. Rhodes,* . . . 12 Cal.3d 180 at pp. 186-187), subject to appropriate exercise of the trial court's discretion in a particular case." (Italics added.)

In addition the People cite Government Code section 1126, subdivision (a), which states in pertinent part: "(a) A local agency officer or employee shall not engage in any employment, activity, or enterprise *for compensation* which is *inconsistent, incompatible, in conflict with, or inimical to his duties* as a local agency officer or employee or with the duties, functions or responsibilities of his appointing power or the agency by which he is employed." (Italics added.)

In 1974 the Attorney General issued a letter opinion stating the defense of an individual in a criminal action would be an activity "incompatible" with a Santa Barbara County Supervisor's public office when the action was being prosecuted by a district attorney over whom the supervisor had jurisdiction.

We agree it is better practice in general for city councilmen to avoid representing defendants in criminal actions which are prosecuted by the city attorney and/or which involve San Diego police officers as witnesses. Moreover, in the circumstances of this particular case, we cannot say the superior court abused its discretion in disqualifying Mr. Morrow from defending Wolfe on the misdemeanor charge. The Supreme Court made clear in *People v. Crovedi, supra,* 65 Cal.2d 199, 208, that the right of an accused to retain defense counsel of his choice is not absolute, there being other values of substantial importance which

may also demand recognition (p. 206). One such value is the preservation of public confidence in the integrity and impartiality of our criminal justice system, and here it should prevail. While the California Rules of Professional Conduct do not expressly prohibit members of the bar in general from accepting employment which in fact involves no conflict of interest but which might, to the layman, appear to be improper, an ethics committee of the American Bar Association has stated: "If the [legal] profession is to occupy that position in public esteem which will enable it to be of the greatest usefulness, it must avoid not only all evil but likewise avoid the appearance of evil." (ABA opinion 49 [Dec. 12, 1931].)

In *Rhodes* and more recently in *People* v. *Superior Court (Greer)* (1977) 19 Cal.3d 255 [137 Cal.Rptr. 476, 561 P.2d 1164], the Supreme Court has applied this strict standard to attorneys who are also public officials. Government Code section 41805 being inapplicable, we believe it is proper to hold city councilmen-attorneys to the same high standard and see no reason to make a special exception for this case. By disqualifying Mr. Morrow well in advance of the misdemeanor trial, undue prejudice to Wolfe will be avoided and the public interest may be served.

The judgment, however, is overbroad. Now that the issue has been decided by higher courts, there is nothing to indicate the municipal court will permit city councilmen-attorneys to represent criminal defendants under the proscribed circumstances. Except insofar as the judgment attempts to command conduct of the municipal court in future cases, the judgment is affirmed.

Cologne, Acting P. J., and Staniforth, J., concurred.