[No. H025985. Sixth Dist. Mar. 24, 2005.]

MARIA RODRIGUES, Petitioner, v.
THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent,
FERNANDO MACHADO JOAQUIM et al., Real Parties in Interest.

[black redaction bars]

**COUNSEL**

Law Offices of J. Byron Fleck and J. Byron Fleck for Petitioner.

No appearance for Respondent.

Olimpia, Whelan, Lively & Ryan, David W. Lively and Mina Almassi for Real Party In Interest.

**OPINION**

**RUSHING, P. J.—**

### INTRODUCTION

Code of Civil Procedure section 473, subdivision (b),[1] requires the trial court in a civil action to grant relief from default when the defaulting party's attorney files an affidavit attesting that the default was the product of his or her mistake, inadvertence, surprise, or neglect. The question now before us is whether an affidavit so attesting entitles the defaulting party to mandatory relief if it is executed by an attorney not licensed to practice in California, but licensed in another jurisdiction. We have concluded that granting relief in such circumstances is consistent with both the language and the remedial purpose of the statute. Accordingly we will deny a petition seeking a writ of mandate to set aside an order granting relief on the basis of an affidavit of fault signed by a Portuguese attorney.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Maria Rodrigues brought this action with respect to certain residential real property in San Jose, which had been purchased as an investment by defendants Fernando Machado Joaquim and Maria Machado,

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

who are married. Plaintiff claimed an undivided half interest in the property, and sought to partition it by sale under sections 872.210 and 872.230. Defendants were served with process in Portugal, where they reside, under the provisions of the Hague Convention. (20 U.S.T. 361-373, T.I.A.S. No. 6638.) When they failed to answer the complaint, plaintiff took their default and then obtained a default judgment. The judgment awarded an undivided half interest in the property to plaintiff, and the other half to defendants as joint tenants. The default judgment directed plaintiff to sell the property and to divide with defendants the balance due after payment of encumbrances, expenses, and attorney fees.

Defendants filed a motion to set aside the defaults and default judgment pursuant to section 473, subdivision (b), on the ground that their failure to properly answer the complaint was the fault of their attorney, Abel Marques. In support of the motion defendants filed a declaration of fault in which Marques declared as follows: He is an attorney licensed to practice law in Portugal, with offices in Lisbon. He has represented defendants in connection with various legal matters for many years. For that reason, when defendants were served with process in this matter they brought the summons and complaint to his office and asked him to take care of the matter, which he agreed to do. He prepared a Portuguese legal response denying the allegations of the complaint, which he mailed to the superior court. He later obtained and mailed to the court a certified English translation of the response. "With this response," he declared, "I assumed the matter was taken care of and that I would receive further instructions from the Court. I did not, however, receive anything and I, therefore, assumed that I did not have to do anything further." Months later, he was contacted by the California attorney now representing defendants, who told him that a default judgment had been entered against his clients. In conclusion he declared, "As the Court can see from the foregoing, entry of default was the result of my mistake, inadvertence and neglect. I respectfully request that the Court set aside the defaults and the default judgments . . . ."

Relying on this declaration, defendants sought relief from default under that portion of section 473, subdivision (b), which mandates relief where the application is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect. They prayed in the alternative for discretionary relief under the portion of section 473, subdivision (b), empowering the court to grant relief where the default results from the mistake, inadvertence, surprise, or excusable neglect of a party or his or her legal representative. They asserted that the defaults could have been avoided

if plaintiff's attorney had contacted the local manager of defendants' real estate investments to warn that plaintiff intended to obtain entry of default. They asserted that the allowance of relief from the default would inflict no prejudice on plaintiff.

In opposition, plaintiff contended that the Marques declaration could not trigger the statutory provision for mandatory relief, because Marques is not licensed to practice law in California. Plaintiff noted that foreign attorneys are generally prohibited from appearing in California courts. (Cal. Rules of Court, rule 988(d).)[2] Plaintiff further contended that granting relief on a foreign attorney's affidavit would render unenforceable any conditions the court might impose on an order granting relief, as provided by section 473, subdivision (b). Since foreign attorneys are not subject to professional discipline in California, plaintiff contended, a foreign attorney could not be compelled to comply with an order to pay the opposing party's attorney fees or costs, or to pay monetary sanctions to the State Bar Client Security Fund. (See § 473, subd. (b).) Defendants replied by, among other things, citing the explicit inclusion of foreign attorneys in the definition of "lawyer" in the California Rules of Professional Conduct.[3]

The trial court agreed with defendants that the word "attorney" in section 473, subdivision (b), should be broadly construed to include foreign lawyers in accordance with rule 1-100(B)(3) of the California Rules of Professional Conduct. The trial court also determined that public policy favored relief

---

[2] Rule 988 of the California Rules of Court provides that the State Bar shall establish and administer a program for registering foreign attorneys. California Rules of Court, rule 988(d) provides, "Subject to all applicable rules, regulations, and statutes, a Registered Foreign Legal Consultant may render legal services in California, except that he or she may not: [¶] (1) Appear for a person other than himself or herself as attorney in any court, or before any magistrate or other judicial officer, in this state or prepare pleadings or any other papers or issue subpoenas in any action or proceeding brought in any court or before any judicial officer; [¶] (2) Prepare any deed, mortgage, assignment, discharge, lease, or any other instrument affecting title to real estate located in the United States; [¶] (3) Prepare any will or trust instrument affecting the disposition on death of any property located in the United States and owned by a resident or any instrument relating to the administration of a decedent's estate in the United States; [¶] (4) Prepare any instrument in respect of the marital relations, rights or duties of a resident of the United States, or the custody or care of the children of a resident; or [¶] (5) Otherwise render professional legal advice on the law of the State of California, any other state of the United States, the District of Columbia, the United States, or of any jurisdiction other than the jurisdiction(s) named in satisfying the requirements of subdivision (c) of this rule, whether rendered incident to preparation of legal instruments or otherwise."

[3] " 'Lawyer' means a member of the State Bar of California or a person who is admitted in good standing of and eligible to practice before the bar of any United States court or the highest court of the District of Columbia or any state, territory, or insular possession of the United States, or is licensed to practice law in, or is admitted in good standing and eligible to practice before the bar of the highest court of, a foreign country or any political subdivision thereof." (Rules Prof. Conduct, rule 1-100(B)(3).)

from default, because "the policies about granting relief in this type of case are the same whether the attorney is a California attorney or a foreign attorney. Those policy considerations are broader than those concerning attorney discipline." The court therefore ruled that the Marques declaration was a valid and effective affidavit of fault, and granted the motion to set aside the default. The court also ordered Attorney Marques to pay a penalty of $250 to the State Bar Client Security Fund, pursuant to section 473, subdivision (c)(1)(B).[4]

DISCUSSION

### I. Propriety of Writ Relief and the Standard of Review

We recognize that an order vacating a default judgment and setting aside the default is appealable as an order after a final judgment. (§ 904.1, subd. (a)(2); see *County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 834 [51 Cal.Rptr.2d 73]; *Baske v. Burke* (1981) 125 Cal.App.3d 38, 43 [177 Cal.Rptr. 794].) However, writ review of an appealable order is appropriate where it is necessary to resolve an issue of first impression promptly and to set guidelines for bench and bar. (See *People v. Superior Court (Howard)* (1999) 70 Cal.App.4th 136, 147 [82 Cal.Rptr.2d 481]; *Anderson v. Superior Court* (1989) 213 Cal.App.3d 1321, 1328 [262 Cal.Rptr. 405].) For these reasons, writ review is appropriate in the present case.

Because defendants' writ petition raises only a question of law as to the applicability of the mandatory relief provision of section 473, subdivision (b), and does not require resolution of disputed facts, we review the trial court's order de novo. (See *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 [107 Cal.Rptr.2d 489].) Applying that standard, we first consider the statutory requirements for mandatory relief from default under section 473, subdivision (b).

### II. Mandatory Relief from Default Under Section 473, subdivision (b)

In 1988, subdivision (b) of section 473 was amended to provide for relief from default upon the filing of an affidavit of fault by the defaulting

---

[4] Section 473, subdivision (c)(1) provides, "Whenever the court grants relief from a default, default judgment, or dismissal based on any of the provisions of this section, the court may do any of the following: [¶] . . . [¶] (B) Direct that an offending attorney pay an amount no greater than one thousand dollars ($1,000) to the State Bar Client Security Fund."

party's attorney.[5] Relief is mandatory when a complying affidavit is filed, even if the attorney's neglect was inexcusable. (*Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487 [37 Cal.Rptr.2d 575].)[6] Relief may be denied only "when the court finds [that] the default was not in fact the attorney's fault, for example when the attorney is simply covering up for the client. [Citation.]" (*Rogalski v. Nabers Cadillac* (1992) 11 Cal.App.4th 816, 821, fn. omitted [14 Cal.Rptr.2d 286].)

### III. An Affidavit of Fault Is Sufficient if Signed by an Attorney Licensed to Practice in any Jurisdiction

The statute does not by its terms require California licensure on the part of the affiant in order to invoke the mandatory provisions of section 473, subdivision (b). Rodrigues contends, however, that such a requirement is implicit in the statutory scheme and legislative purpose. As a result, Rodrigues contends, the affidavit here was insufficient to entitle defendants to relief. There is no dispute about the factual premise, i.e., that Marques is not licensed to practice law in this state.[7]

---

[5] Section 473, subdivision (b), provides in part: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties. . . ."

[6] A true affidavit is "a written declaration under oath." (§ 2003.) The averments here were made not under oath, but under penalty of perjury. However, whenever a fact may be established by affidavit, a declaration under penalty of perjury may be used "with like force and effect." (§ 2015.5; see *Ancora-Citronelle Corp. v. Green* (1974) 41 Cal.App.3d 146, 148, fn. 1 [115 Cal.Rptr. 879].) In her reply brief, Rodrigues contends for the first time that Marques's declaration is defective for failure to recite that it is made under penalty of perjury *under the laws of the State of California,* as required for declarations not executed within the state. (§ 2015.5.) Because Rodrigues failed to raise this objection in the trial court, she may not raise it on appeal. (See *Robinson v. Grossman* (1997) 57 Cal.App.4th 634, 648–649 [67 Cal.Rptr.2d 380].)

[7] Rodrigues requests judicial notice of a letter from the State Bar of California confirming that it has no record showing that any person by the name of Antonio Abel Alemedia Marques or Abel Marques has been admitted to the practice of law in California. Because the letter was not made part of the trial court's record, we deny the request for judicial notice. (Evid. Code, § 452; see *Vons Companies, Inc. v. Seabest Foods, Inc.* (1996) 14 Cal.4th 434, 444, fn. 3 [58 Cal.Rptr.2d 899, 926 P.2d 1085].)

■ In considering whether the statute implicitly requires California licensure, we are guided by fundamental principles of statutory construction: "A court ' " 'should ascertain the intent of the Legislature so as to effectuate the purpose of the law.' " ' [Citations.] To determine such intent, the court must turn first to the language of the statute itself. [Citation.] 'Excepting when clearly otherwise intended or indicated, words in a statute should be given their ordinary meaning and receive a sensible construction in accord with commonly understood meaning thereof. [Citation.]' [Citation.]" (*Valley Circle Estates v. VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 608 [189 Cal.Rptr. 871, 659 P.2d 1160]; see also *Watts v. Crawford* (1995) 10 Cal.4th 743, 754 [42 Cal.Rptr.2d 81, 896 P.2d 807].)

The word "attorney" is not defined within the statute nor within the general definitions for the Code of Civil Procedure set forth at section 481.010 et seq. In both lay and professional usage, however, "attorney" ordinarily refers to a person who is entitled to practice law, even if the entitlement was granted, and may only be exercised, outside of California. "The term 'attorney' is generally used to mean 'attorney at law' or 'lawyer,' and refers to the professional attorney at law, licensed to practice law *in some jurisdiction.* [Citation.]" (1 Witkin, Cal. Procedure (4th ed. 1997) Attorneys, § 1, pp. 38–39, italics added.)[8]

The Legislature has often manifested an understanding that the unqualified term "attorney" includes persons not licensed in California. Section 1282.4 provides that a party to an arbitration proceeding may be represented by "an attorney admitted to the bar of any other state" (*id.,* subd. (b)), and declares the Legislature's intent to respond to a specified judicial decision concerning "nonresident attorneys who are not licensed in this state" (*id.,* subd. (i)(1)). Business and Professions Code section 6161 explicitly applies the term "attorney" to a person "licensed in a foreign country but not in this state or in any other state, territory, or possession of the United States"; it provides that where such a person is a shareholder in an entity seeking to register as a law corporation, the application must include certification that he or she is "currently in good standing as an attorney or counselor at law or the equivalent" in the foreign country. Business and Professions Code section

---

[8] Witkin points out that the term " 'attorney' " may also be used, "[i]n rare instances," to refer to an unlicensed "lay 'attorney,' " though as his internal quotation marks suggest, this is something of an oxymoron. (1 Witkin, Cal. Procedure, *supra,* § 1, pp. 38–39.) Similarly, the phrase "attorney in fact" describes one who "is not, as such, an attorney, but merely an agent with authority defined by a written 'power of attorney.' " (*Id.* at p. 39.) These specialized and exceptional uses of the term "attorney" have no apparent bearing on the issue in this case.

22442.2, subdivision (c)(3), imposes certain requirements on one who acts as an immigration consultant and "who is not an active member of the State Bar of California, but is an attorney licensed in another state or territory of the United States"; requirements include disclosures that such person "is not an attorney licensed to practice law in California but is an attorney licensed in another state or territory . . . ." And Health and Safety Code section 50911, subdivision (c), empowers the executive director of a specified agency to appoint an attorney or attorneys, but adds that "at least one attorney shall be licensed to practice law in this state." (See also Ins. Code, § 1668.1, subd. (c) [exemption from certain grounds for revocation of insurance production agency license where licensee is "licensed as an attorney in any state"]; Pub. Contract Code, § 10286.1, subd. (b)(2)(A)(v)(I) [authorizing entry into contract with entity otherwise disqualified as "expatriate corporation" where, inter alia, "the entity delivers to the Secretary of State an opinion of an attorney licensed in the United States" that judgments against entity can be satisfied].) In addition, at least 24 statutes explicitly qualify "attorney" to require California licensure, implicitly recognizing that without this limitation, the term could extend to persons licensed elsewhere.[9]

Courts, too, have freely used "attorney" to include lawyers licensed outside California. In *Kracht v. Perrin, Gartland & Doyle* (1990) 219 Cal.App.3d 1019, 1021 [268 Cal.Rptr. 637], the plaintiff brought suit as assignee of a legal malpractice claim against certain "attorneys" described as "licensed to practice law in Oregon" but "not licensed in California." Not only did the court refer casually to the defendants as "attorneys," it adopted that term as an ad hoc label of convenience in lieu of their names. (*Ibid.*) Later it declared that the basic attributes of "a valid[] extant attorney-client relationship" are not forfeited by a "foreign attorney['s]" rendition of services outside the licensing state. (*Id.* at p. 1025.) Instances of such judicial usage go back at least 74 years. (See *Kessler v. Kessler* (1983) 141 Cal.App.3d 94, 96 [190 Cal.Rptr. 109] [trial court erred in striking, on its own motion, an application filed by "an attorney in New York" who "is not licensed to practice law in California"]; *Bluestein v. State Bar* (1974) 13 Cal.3d 162, 174, fn. 10 [118 Cal.Rptr. 175, 529 P.2d 599] [referring to rule of court permitting *pro hac vice* appearance by "an attorney licensed to practice in other jurisdictions who

---

[9] See Business and Professions Code sections 6079.5, subdivision (b)(1), 8030.4, subdivision (d), 17512, subdivision (b), 18628, subdivision (b); Civil Code sections 1789.12, subdivision (b)(5), 1812.309, subdivision (a)(2); Education Code sections 69525, subdivision (b), 72674, 89903, subdivision (b); Family Code sections 10002, 20017, 20034, subdivision (b); Government Code sections 12529, subdivision (b), 25207.1, 26222; Health and Safety Code section 50911, subdivision (a); Labor Code sections 54.5, 117, 123.5, subdivision (b), 243, subdivision (a); Probate Code sections 701, 2854; Revenue and Taxation Code section 1603, subdivision (f).)

is retained to appear in a particular cause pending in a court of this state"]; *Magee v. Superior Court* (1973) 8 Cal.3d 949, 951–952 [106 Cal.Rptr. 647, 506 P.2d 1023], italics omitted [issuing mandate in criminal prosecution to compel further consideration of defense application for association as counsel of "an attorney licensed to practice in other states but not in this state"]; *id.* at p. 952, italics omitted [characterizing applicant as "a retained out-of-state attorney"]; *In re McCue* (1930) 211 Cal. 57, 67 [293 P. 47] [referring to Montana lawyer seeking admission to California bar as "foreign attorney"]; *ibid.* [referring to the "common practice, and one sustained by general usage in all of the states of this Union . . . to permit upon request an attorney holding a license to practice law from one state to appear in the courts of a sister state, and there take part in the trial of an action pending in said courts"]; *id.* at p. 68 [referring to a hypothetical "attorney" who "held a license to practice in the federal court, as well as a license from a foreign state"].)

In contrast, we have found no authority of any kind suggesting that the unadorned term "attorney" intrinsically implies California licensure. In the absence of such an implication, either in the term itself or in the manner of its use in section 473, there is no basis for engrafting such a limitation onto the statute. (See § 1858 ["In the construction of a statute or instrument, the office of the Judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ."]; cf. *Kopp v. Fair Pol. Practices Com.* (1995) 11 Cal.4th 607, 658 [47 Cal.Rptr.2d 108, 905 P.2d 1248], quoting 2A Sutherland, Statutory Construction (5th ed. 1992) Intrinsic Aids, § 47.38, p. 291, italics omitted [words may be "suppl[ied]" or "insert[ed]" to effectuate a " 'clearly manifested' " legislative intent].)

■ We can discern no ground, let alone a clear ground, to infer that the Legislature intended the provision at issue afford relief only when the affidavit of fault is signed by a California attorney. On the contrary, if the statute were ambiguous in this regard, a more inclusive reading would better serve its underlying remedial purpose, i.e., " 'to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.' [Citations.]" (*Lorenz v. Commercial Acceptance Insurance Co.* (1995) 40 Cal.App.4th 981, 990 [47 Cal.Rptr.2d 362], quoting *Metropolitan Service Corp. v. Casa de Palms, Ltd., supra,* 31 Cal.App.4th at p. 1487; see also *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130, 139 [114 Cal.Rptr.2d 93] [policy goal was to prevent innocent clients from losing

their day in court where their attorney inexcusably failed to file responsive papers].) This purpose is consistent with the general preference for relief from procedural forfeitures reflected in section 473 as a whole. " 'It is well settled that appellate courts have always been and are favorably disposed toward such action upon the part of the trial courts as will permit, rather than prevent, the adjudication of legal controversies upon their merits.' [Citation.] Thus, 'the provisions of section 473 of the Code of Civil Procedure are to be liberally construed and sound policy favors the determination of actions on their merits.' [Citation.]" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255–256 [121 Cal.Rptr.2d 187, 47 P.3d 1056].)

Plaintiff contends, however, that the attorney affidavit provision must be limited to California-licensed attorneys because foreign attorneys are not subject to professional discipline for disobeying the order of a California court. Plaintiff notes that under section 473, subdivision (b), an attorney whose clients are granted relief based on an affidavit of fault must be ordered to pay reasonable compensatory legal fees and costs to opposing counsel and, pursuant to subdivision (c)(1)(B) of section 473, may be ordered to pay a monetary penalty to the State Bar Client Security Fund, as Marques was ordered to do here. However, subdivision (c)(2) of section 473 expressly provides that relief may not be conditioned upon the offending attorney's payment of such fees, costs, penalties, or other sanctions. In view of this provision, we agree with the trial court that the Legislature's goal of preventing innocent clients from losing their day in court due to their attorney's professional error should not be circumvented because the attorney cannot be compelled by the specter of California disciplinary proceedings to comply with a California court order.

■ In sum, assuming the statute's conditions are otherwise met, its remedial purposes will best be served by applying the term "attorney" according to its ordinary, unqualified meaning and holding an affidavit of fault sufficient to entitle the client to relief if it is filed by a person licensed to practice law in any jurisdiction. Accordingly, the court below correctly concluded that defendants' Portuguese lawyer was an "attorney" whose affidavit of fault entitled his clients to relief under section 473, subdivision (b).[10]

---

[10] This conclusion makes it unnecessary to address defendants' alternative argument that they were entitled to discretionary relief from default.

## DISPOSITION

The petition for writ of mandate, prohibition, or other appropriate relief is denied. The temporary stay order is vacated. Each party shall bear his or her own costs in this original proceeding.

Elia, J., and Mihara, J., concurred.

Petitioner's petition for review by the Supreme Court was denied June 15, 2005.