Filed 11/10/15  P. v. Moon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060511 |
| v. | (Super.Ct.No. FWV803217) |
| CARLOS RAMONE MOON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Stephan G. Saleson, Judge.  Affirmed.

Kristin A. Erickson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry J.T. Carlton, Seth Friedman, Minh U. Le, and Teresa Torreblanca, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION[1]

In a dispute about money, defendant Carlos Ramone Moon shot Joshua Simpson, the victim, in the leg. A jury convicted defendant of attempted voluntary manslaughter (§§ 192, subd. (a), 664); assault with a semi-automatic firearm (§ 245, subd. (b)); possession of a firearm and ammunition by a felon (§§ 12021, subd. (a)(1), 12316, subd. (b)(1)); and personal use of a firearm (§§ 1203.6, subd. (a)(1), and 12022.5, subd. (a)-(d)). Defendant admitted three prior serious or violent felony conviction allegations. The court denied defendant's *Romero*[2] motion and motion for a new trial and sentenced defendant to a total prison term of 21 years.

Defendant's single contention on appeal is he was deprived of his constitutional right to counsel because he was not permitted to have his choice of retained counsel at the preliminary hearing. We disagree and affirm the judgment.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

### A. *Testimony by Bystanders*

On the morning of November 28, 2008, Simpson visited a hair salon and one of the stylists, Jacqueline Leiva, told him the salon was closed due to flooding. A black

---

[1] All statutory references are to the Penal Code.

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

Volkswagen SUV, driven by defendant, pulled into the parking lot. Russell Richardson, Simpson's regular stylist, was a passenger. Defendant left the car and approached Simpson. Leiva saw defendant punch Simpson, who responded, "What the fuck, man?" Simpson tried to block defendant and punched back. Richardson tried to break up the fight. There was a gunshot and Simpson began limping. Richardson used his shirt to staunch Simpson's wound and yelled, "What the fuck you done, why[?]" Defendant, still holding the gun, drove away. Leiva identified defendant in a photo lineup and in court.

Another bystander saw defendant and Simpson yell at each other and exchange punches until Simpson ran off. Defendant went to the car and, looking confused, he pulled out a gun, which he fired. Simpson fell down, yelling he had been shot. Defendant sped away in the car.

B. *Simpson's Statement and Testimony*

Simpson smelled distinctively like marijuana during a police interview. Simpson told police he and defendant had an agreement that defendant was to repay a loan after Thanksgiving. Defendant had called Simpson from Atlanta the night before the incident and told him that he lost his money. Simpson denied meeting defendant at LAX. Simpson told police he went to the salon to speak with Richardson about not associating with defendant. Defendant pulled out a semiautomatic gun after he punched Simpson. Defendant "racked a round" before Simpson started to run and was hit.

3

Simpson indicated that he did not want to prosecute, go to court, or testify. Simpson evaded a subpoena by fleeing to his mother's house in Las Vegas, where he was arrested. After Simpson refused to testify at trial, he was jailed for contempt.

The court allowed Simpson's testimony from the preliminary hearing to be read into the record. Simpson testified that, a week before the incident, he and defendant had argued about money and defendant owed him $4,000. When defendant tried to hit Simpson, Simpson blocked him. Simpson denied punching defendant. Simpson had no weapon. He denied the dispute was about a drug deal.

C. Richardson's Testimony

Richardson testified during trial that he was friends with defendant and Simpson. Both men sold marijuana. Richardson knew they had argued about money. Richardson had asked defendant to drive him to the salon to collect his equipment. When defendant and Richardson arrived at the salon, defendant and Simpson began talking and Richardson heard a gunshot and saw Simpson fall. Richardson did not see defendant with a handgun.

D. Defendant's Statement

In a police interview, defendant admitted shooting Simpson over a drug deal. Defendant was cooperative and responsive and drew a diagram. Defendant claimed he had travelled to Atlanta for a drug transaction. He was robbed in Atlanta. Simpson and another man were waiting for him at LAX when he returned. Defendant assumed Simpson had a gun and Simpson threatened defendant. Defendant asked Simpson

4

whether he was going to shoot him. Simpson tried to get defendant into his truck but defendant waited for his cousin to pick him up. When they arrived at the cousin's house, Simpson's truck was outside. When defendant contacted Richardson and asked him to intervene, Richardson asked defendant to drive him to the salon.

At the salon, defendant told Simpson he would pay him back. Simpson responded, "Fuck that," and reached into his waistband. Defendant punched Simpson and they wrestled. Defendant took a gun away from Simpson. The gun was not his. Defendant pulled the trigger but he did not aim it at Simpson. After defendant threw the gun away, it was never recovered. Defendant thought Richardson had set him up.

*E. Preliminary Proceedings*

On December 18, 2008, defendant appeared with retained counsel, Frank Williams, for a prepreliminary conference. The preliminary hearing was originally set for January 12, 2009, but continued to January 15, 2009 when a bench warrant was issued for Simpson. The preliminary hearing was continued again to January 22, and then February 2, 2009. On February 2, 2009, defendant appeared without counsel because his retained lawyer, Williams had been suspended. The case was continued again to February 9, 2009. On February 9, 2009, defendant was assigned a public defender for a prepreliminary hearing on February 11, and a preliminary hearing on February 18, 2009. Those hearings were continued to March and April 2009.

At a hearing on February 19, 2009, the People made an oral request to advance the March 4, 2009, prepreliminary hearing conference and reset it to February 23, 2009.

Defendant was not present. The public defender, John Major, objected to the change in hearing dates. The court set the new prepreliminary hearing to February 23, 2009. On February 23, Major informed the court that defendant had hired private counsel, Julian Ducre. The court set the matter over for one day to February 24.

Simpson was being held in custody for 10 days (§ 881) and had to be released, meaning the prosecution needed to proceed with the preliminary hearing by February 26. Defense counsel Major objected to advancing the preliminary hearing because of the need for investigation and the right of defendant to representation of his choice. The court cited section 881, which states: ". . . (e) If a material witness is being held in custody under this section, the prosecution is entitled to have the preliminary hearing proceed, as to this witness only, within 10 days of the arraignment of the defendant. Once this material witness has completed his or her testimony the defendant shall be entitled to a reasonable continuance." The court set the preliminary hearing for February 26. The minute order states: "Private Counsel [Ducre] will not be ready to proceed with preliminary hearing; therefore public defender's office will remain on the case."

On February 26, 2009, over defense objection by Major, the preliminary hearing began and Simpson testified. Defendant waived his right to a continuous preliminary examination. On April 22, the preliminary hearing reconvened with defendant again represented by the public defender, Major. Simpson was present at the hearing. On April 27, the preliminary hearing concluded. On May 8, defendant was arraigned with representation by private counsel, Chijioke Ikonte, who represented defendant at trial.

6

III

DISCUSSION

As framed by defendant, "[t]he essence of appellant's claim here is that he did not have the 'opportunity' to cross-examine Simpson with counsel of his choice." A criminal defendant is entitled to effective assistance of counsel at all critical stages of the proceeding, which encompasses the right to retain counsel of one's choice. (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15; §§ 686, 859, and 987; *Gideon v. Wainwright* (1963) 372 U.S. 335, 344-345; *Powel v. Alabama* (1932) 287 U.S. 45, 53; *People v. Ortiz* (1990) 51 Cal.3d 975, 982, citing *Magee v Superior Court* (1973) 8 Cal.3d 949, 954; *People v. Byoune* (1966) 65 Cal.2d 345, 346.) A criminal defendant also has the due process right to be defended by retained counsel of his choice. (*People v. Lara* (2001) 86 Cal.App.4th 139, 152; *People v. Leonard* (2000) 78 Cal.App.4th 776, 784; *People v. Stevens* (1984) 156 Cal.App.3d 1119, 1127.)

The right to choose counsel is not unrestricted and must be balanced against considerations of orderly and expeditious judicial proceedings. (*People v. Ortiz, supra,* 51 Cal.3d at pp. 983-984; *People v. Courts* (1985) 37 Cal.3d 784, 789-790; *People v. Crovedi* (1966) 65 Cal.2d 199, 207-208; *People v. Blake* (1980) 105 Cal.App.3d 619, 623-624.) This court must decide whether the trial court's refusal to delay the start of the preliminary hearing—because Simpson was about to be released and defendant's private counsel was not ready—constituted an abuse of discretion or was so arbitrary as to violate due process in view of the circumstances and for the reasons presented to the trial

7

judge. (*Courts,* at pp. 789, 790.) If defendant is deprived of his right to counsel, the judgment must be reversed. (*Id.* at p. 796.)

In the present case, we hold there was no arbitrary abuse of discretion in granting the prosecution's request to advance the preliminary hearing because Simpson was in custody. Section 881, subdivision (d), provides a material witness shall be in custody for only 10 days, and subdivision (e) provides: "If a material witness is being held in custody under this section the prosecution is entitled to have the preliminary hearing proceed, as to this witness only, within 10 days of the arraignment of the defendant. Once this material witness has completed his or her testimony the defendant shall be entitled to a reasonable continuance."

The statute protects the rights of both the witness and the defendant by not allowing the witness to be held in custody for more than 10 days while giving defendant the right to a continuance. The court set the preliminary hearing for the last possible date before Simpson would have been released as required by statute. Ultimately, the court also granted defendant a continuance of two months for the preliminary hearing. Although public defender Major represented defendant on the first day of the preliminary hearing for Simpson's testimony, defendant had a significant amount of time to secure private counsel to represent him for the rest of the preliminary hearing two months later. Simpson appeared at the continued hearing dates and was ready to testify. If defendant had obtained private counsel, he could have reopened the cross-examination of Simpson. However, defendant did not finally obtain new counsel until his arraignment. Under

8

these circumstances, when balanced against all the considerations of convenience and judicial efficiency, defendant was not denied his effective representation or the right to counsel of his choice.  (*People v. Ortiz, supra,* 51 Cal.3d at pp. 983-984; *People v. Courts, supra,* 37 Cal.3d at pp. 794-795.)

At oral argument, appellate counsel repeated the argument that the trial court did not exercise its discretion because it did not weigh defendant's constitutional right to counsel against the statutory right afforded the prosecution under section 881. Defendant's argument misrepresents the record which shows the court did exercise its discretion.  As already discussed, the court and counsel engaged in a long colloquy about defendant's right to counsel and the scheduling of the preliminary hearing.  The court clearly understood that defendant's right to counsel was affected and the court ordered special accommodations to be made to protect defendant's rights.  Most notably, after the first day, the preliminary hearing was continued another two months, giving defendant ample time to obtain counsel of his choice.  When Simpson appeared at the continued hearing, he could have been subject to further examination at that time but defendant still had not secured private counsel.  Defendant could not interminably delay the judicial proceedings.  Therefore, the trial court properly exercised its discretion and no structural error occurred to infect the jury trial leading to defendant's conviction.

IV

DISPOSITION

Advancing the preliminary hearing date did not deny defendant effective representation by the counsel of his choice.  We affirm the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON

J.

We concur:

RAMIREZ

P. J.

HOLLENHORST

J.