Filed 5/25/16  Pozdro v. Hayward CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THOMAS JOHN POZDRO,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>LAURA BERNADETTE HAYWARD,<br><br>    Defendant and Appellant. | A144471<br><br>(San Mateo County<br>Super. Ct. No. FAM0114986) |
| LAURA BERNADETTE HAYWARD,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>THOMAS JOHN POZDRO,<br><br>    Defendant and Respondent. | A145431<br><br>(San Mateo County<br>Super. Ct. No. CIV527654) |

In a dissolution action and related civil action, the former wife appeals orders permitting her ex-husband's new wife to appear in the actions as counsel pro hac vice. We shall dismiss the appeals. Orders granting pro hac vice applications and denying motions to strike pro hac vice admission are not appealable.

**Statement of Facts**

Laura Bernadette Hayward and Thomas John Pozdro were married in March 2004 and are the parents of a son they adopted in 2007. Both parties are employed as commercial pilots, Pozdro with Allegiant Air and Hayward with United Parcel Service. Pozdro moved from California to Las Vegas, Nevada in August 2011 and, in September, petitioned in San Mateo County Superior Court for dissolution of marriage (No.

1

FAM0114986). The dissolution action is ongoing, with pending claims concerning child support and property division. A separate civil action was initiated in March 2014 (No. CIV527654). In the civil action, Hayward sued Pozdro for defamation and related claims arising out of Pozdro's communications to Hayward's employer and other third parties accusing her of disability insurance fraud.[1]

Pozdro remarried in December 2013. He married Crystal Eller, an attorney licensed to practice law in Nevada. In June 2014, Eller filed in the civil case an application to appear on behalf of Pozdro as counsel pro hac vice. (Cal. Rules of Court, rule 9.40.) The application was granted, without opposition, in July 2014. Six months later, in January 2015, Eller sought pro hac vice admission in the dissolution proceedings. Her application was granted ex parte.

On February 23, 2015, Hayward filed a notice of appeal from the January 20, 2015 order granting pro hac vice admission in the dissolution proceedings. At this time, Hayward also sought to appeal the July 2014 order granting pro hac vice admission in the civil case but this court dismissed the appeal as untimely. In April 2015, Hayward filed a motion in the civil case "to strike the admission pro hac vice" of Eller. The motion to strike was denied in June 2015 and Hayward filed a notice of appeal from that order. Thus, the consolidated appeals at issue are Hayward's challenge to the order granting Eller's pro hac vice admission in the dissolution proceedings and the order denying a motion to strike Eller's pro hac vice admission in the civil case.

## Discussion

Pozdro contends, as a preliminary matter, that the challenged orders are not appealable. The contention is correct, mandating dismissal of the appeals.

"Generally, a reviewing court acts in the procedural context of either a direct appeal or a writ proceeding." (*Griset v. Fair Political Practices Com.* (2001) 25 Cal.4th 688, 696.) "A reviewing court has jurisdiction over a direct appeal only when there is

---

[1] We recently affirmed an order denying Pozdro's anti-SLAPP motion to strike the civil complaint. (Code Civ. Proc., § 425.16; *Hayward v. Pozdro* (Mar. 30, 2016, A143939) [nonpub. opn.].)

2

(1) an appealable order or (2) an appealable judgment." (*Ibid.*) "Analytically, there are three broad categories of appealable judgments and orders": (1) final judgments; (2) orders and interlocutory judgments made appealable by Code of Civil Procedure section 904.1 or other statutes; and (3) "[c]ertain judgments and orders that, although they do not dispose of all issues in the case, are considered 'final' for appeal purposes and thus are exceptions to the 'one final judgment rule.' " (Eisenberg et al., Cal. Practice Guide: Civil Appeals & Writs (The Rutter Group) ¶ 2:20, p. 2-19, italics omitted.)

In her opening appellate brief, Hayward argues that the orders are appealable under Code of Civil Procedure section 904.1, subdivision (a)(6) as orders granting an injunction or as collateral orders that should be considered final for appeal purposes. Her argument relies heavily upon *Meehan v. Hopps* (1955) 45 Cal.2d 213 (*Meehan*), in which the California Supreme Court held appealable an order denying a motion to disqualify opposing counsel for a conflict of interest based upon counsel's prior representation of the moving party. In *Meehan*, the order was held appealable on two bases: (1) as an order denying an injunction because defendant's motion sought "an order 'restraining and enjoining' plaintiffs' attorneys, not only to prevent them from participating in the case but also to restrain them from using or making available out of court the information they had derived from the former confidential relationship" and (2) as a final collateral order "[b]ecause the trial court's order denying [defendant's] motion left nothing further of a judicial nature for a final determination of his rights regarding opposing counsel." (*Id.* at pp. 215, 217.)

*Meehan* is inapplicable. At issue here is pro hac vice admission of opposing counsel, not a disqualification motion. There are sound policy reasons why an order denying a motion to disqualify counsel is appealable prior to final judgment. As explained by the *Meehan* court, if the moving party is not allowed to immediately appeal the denial of a motion for disqualification, the damage resulting from the alleged conflict of interest, i.e., the revelation of confidential communications, which the moving party sought to avoid, would be accomplished by the time final judgment is entered. (*Meehan*, *supra*, 45 Cal.2d at p. 218.) Pro hac vice admission does not present the same concerns.

3

Hayward has not cited any case in which an order granting pro hac vice admission, or an order denying a motion to strike pro hac vice admission, has been found appealable. Cases that have reviewed orders granting or denying pro hac vice orders have done so by petitions for a writ of mandate. (E.g., *Magee v. Superior Court* (1973) 8 Cal.3d 949, 951-952; *Walter E. Heller Western, Inc. v. Superior Court* (1980) 111 Cal.App.3d 706, 708; see also *Sheller v. Superior Court* (2008) 158 Cal.App.4th 1697, 1709 [order sanctioning pro hac vice counsel reviewable by writ, not appeal].)

"It is of course fundamental that an appellate court has no appellate jurisdiction to entertain and pass upon an appeal from a nonappealable order." (*Efron v. Kalmanovitz* (1960) 185 Cal.App.2d 149, 152.) We do have the authority to treat an infirm appeal as a writ petition but will do so only under extraordinary circumstances. (*Estate of Weber* (1991) 229 Cal.App.3d 22, 25.) Hayward has not requested that relief here and the circumstances do not warrant it, as the record fails to establish a prima facie case of abuse of discretion.

## Disposition

The purported appeals from the orders on pro hoc vice admission are dismissed. Appellant Hayward's request to augment the record on appeal is denied. Respondent Pozdro's request for judicial notice in connection with that motion is denied. Respondent shall recover costs incurred in the proceedings in this court upon timely application in the trial court. (Cal. Rules of Court, rule 8.278(c)(1).)

_____
Pollak, Acting P.J.

We concur:


_____
Siggins, J.


_____
Jenkins, J.

A144471, A145431

5