Filed 5/18/16 Platte River Ins. Co. v. Trang CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

| | |
|---|---|
| PLATTE RIVER INSURANCE COMPANY,<br><br>    Plaintiff and Respondent,<br><br>      v.<br><br>ANH THI TRANG,<br><br>    Defendant and Appellant. | G051063<br><br>(Super. Ct. No. 07CC11563)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Franz E. Miller, Judge. Affirmed.

Anh Thi Trang, in pro. per., for Defendant and Appellant.

Howard Goodman for Plaintiff and Respondent.

\*      \*      \*

Defendant Anh Thi Trang appeals from the court's postjudgment order denying her motion to set aside a default judgment entered in favor of plaintiff Platte River Insurance Company (Platte River). For the reasons discussed below, we affirm the postjudgment order.

FACTS

Defendant's notice of appeal, filed on November 21, 2014, purports to appeal from a court order entered on October 15, 2014. But the docket does not reflect that any order was entered on that date. Rather, October 15, 2014 is the date defendant mailed her notice of appeal to opposing counsel.

The appellate record is sparse and contains no copy of defendant's motion to set aside the default judgment, or of Platte River's opposition to her motion.

But the record does contain a July 23, 2014 minute order, in which the court recited that on July 21, 2014, it took under submission defendant's motion to set aside the default and default judgment against her. The court denied defendant's motion in that same minute order. The grounds for the denial were that the default judgment was entered in 2009 and (1) defendant failed to bring her motion within six months (Code Civ. Proc., § 473) or two years (Code Civ. Proc., § 473.5); (2) she did not contend the judgment was void on its face, or obtained by extrinsic fraud or mistake; and (3) the court found defendant had actual notice of the lawsuit at least by February 2010, when her husband moved to set aside his default.

The docket confirms that the July 23, 2014 order is the order defendant appeals from. The docket reflects that defendant filed a "Motion to Set Aside" on June 3, 2014, setting a hearing date of July 21, 2014. On July 3, 2014, Platte River filed an opposition. On July 21, 2014, the court took the matter under submission. On July 23,

2014, the court issued its minute order denying the motion. The docket reflects that the "Clerk's Certificate of Service By Mail [was] generated" on July 23, 2014.[1]

DISCUSSION

Defendant contends the court abused its discretion by denying her motion to set aside the default judgment against her. She asserts Platte River never presented the court with any evidence to contradict the allegations she made in her motion. She asserts Platte River failed to name her as a defendant in its complaint, to add her as a Doe defendant, to serve her with the summons and complaint, or to serve her with notice and a copy of the default judgment. In this respect, she asserts that, although she is married to Trieu Nguyen (a defendant named in Platte River's complaint), she has never been known by the name Anh Nguyen. She asserts an affidavit of identity was filed, "secretly" adding her name, Anh Thi Trang, to the judgment.

---

[1] Platte River contends defendant's notice of appeal (filed on Nov. 21, 2014) was untimely. Rule 8.104(a) of the California Rules of Court specifies that a notice of appeal must be filed on or before the earliest of (1) 60 days after the superior court clerk serves a "Notice of Entry" of judgment or a file-endorsed copy of the judgment, showing the date either was served; (2) 60 days after a party serves a "Notice of Entry" of judgment or a file-endorsed copy of the judgment with a proof of service; or (3) 180 days after entry of judgment. (Under Cal. Rules of Court, rule 8.104(e), the word "judgment" includes an appealable order.) On the court's own motion, we augment the record with the clerk's certificate of service by mail which shows that on July 24, 2014, the clerk mailed to defendant's counsel a copy of the July 23, 2014 minute order denying defendant's motion to set aside the default judgment. The clerk's certificate is not entitled "Notice of Entry," nor does the record on appeal reflect that the attached copy of the minute order was file-endorsed. "Within reason, [rule 8.104(a)(1) of the California Rules of Court] is read literally." (*Sunset Millennium Associates, LLC v Le Songe, LLC* (2006) 138 Cal.App.4th 256, 260.) Accordingly, because neither the clerk of the court nor Platte River served defendant with notice conforming to rule 8.104(a)(1) or (2) of the California Rules of Court, defendant's notice of appeal was timely filed.

3

Although we lack a copy of defendant's motion to set aside the default judgment, her appellate opening brief cites, inter alia, Code of Civil Procedure sections 473 and 473.5. "We review an order denying relief under section 473 under the abuse of discretion standard." (*Hu v. Fang* (2002) 104 Cal.App.4th 61, 64.)

In order for this court to review defendant's contention, we require an adequate appellate record. The record here does *not* include defendant's motion nor Platte River's opposition. Without those documents, we cannot evaluate whether the court's ruling was an abuse of discretion, nor can defendant establish prejudicial error.

Accordingly, the court's postjudgment order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

DISPOSITION

The postjudgment order is affirmed. Platte River shall recover its costs on appeal.

IKOLA, J.

WE CONCUR:

BEDSWORTH, ACTING P. J.

MOORE, J.

4