[No. B151748. Second Dist., Div. Eight. Dec. 5, 2002.]

SYLVIA WEI-TING HU, Plaintiff and Respondent, v.
AMY FANG, Defendant and Appellant.

**Counsel**

J. Flores Valdez for Defendant and Appellant.

Arnold Freedland for Plaintiff and Respondent.

## OPINION

**COOPER, P. J.**—The trial court denied relief under Code of Civil Procedure[1] section 473, subdivision (b) from a default judgment because it found that the error resulting in the default was made by a paralegal, not an attorney. We hold that, in the context of a motion under section 473, a paralegal's mistake is attributable to the attorney responsible for supervising the paralegal. We reverse the default judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

Sylvia Wei-Ting Hu sued Amy Fang for breach of contract and common counts. Fang, represented by J. Flores Valdez, answered the complaint. On February 16, 2001, Valdez, failed to appear at a status conference. The trial court issued an order to show cause (OSC) for failure to appear and for striking Fang's answer. Valdez was mailed a copy of the trial court's minute order.

The hearing on the OSC was set for March 15, 2001, but Valdez again failed to appear. At the March 15, 2001 hearing, the case was transferred from West Covina to Pomona and the hearing on the OSC was continued to April 5, 2001. Valdez was given notice, but again failed to appear. The trial court ordered Fang's answer stricken and ordered counsel for Hu to file a request for entry of default.

On April 25, 2001, Valdez filed a motion, under section 473, to set aside the order of default (Motion). The Motion was based, inter alia, on the declaration of Valdez and the declaration of his paralegal, Ben Lui. Valdez stated that "[t]here was a mistake on the part of my paralegal in the calendaring of my appearances" and consequently Valdez understood that the appearance was on April 6th before the Citrus Court instead of April 5th in Pomona. Lui stated "I am the paralegal/ calendar clerk for J. Flores Valdez" and "I made a mistake in calendaring the matter in that I set it for April 6th in Citrus Court instead of the noticed time and date of April 5th at the Pomona Court." At the hearing on the Motion, Valdez argued that his employee's mistake should be imputed to him. The trial court denied the Motion, finding "473 only grants relief for mistake, inadvertence, surprise, or excusable neglect of an attorney, not a paralegal." The court further concluded: "It's a tough call, but if you choose to use paralegals and have them do your work, then I don't think it's your mistake that they make a mistake." Subsequently, the trial court entered a default judgment. Fang timely appealed.

---

[1] All further statutory citations are to this code.

## DISCUSSION

Section 473, subdivision (b) contains a mandatory provision. (*Lorenz v. Commercial Acceptance Ins. Co* (1995) 40 Cal.App.4th 981, 989 [47 Cal.Rptr.2d 362].) "[T]he court *shall*, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any . . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake inadvertence, surprise, or neglect." (§ 473, subd. (b), italics added.) ■ The purpose of the attorney affidavit provision "is to relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits." (*Metropolitan Service Corp. v. Casa de Palms, Ltd.* (1995) 31 Cal.App.4th 1481, 1487 [37 Cal.Rptr.2d 575].)

■ We review an order denying relief under section 473 under the abuse of discretion standard. (*In re Marriage of Connolly* (1979) 23 Cal.3d 590, 597-598 [153 Cal.Rptr. 423, 591 P.2d 911].) ■ We conclude the trial court abused its discretion in finding that Valdez was not the cause of the default judgment because the mistake was made by his paralegal.

The attorney is the professional responsible for supervising the work of his or her legal assistants. (*Vaughn v. State Bar* (1972) 6 Cal.3d 847, 857 [100 Cal.Rptr. 713, 494 P.2d 1257].) "[E]ven though an attorney cannot be held responsible for every detail of office procedure, he must accept responsibility to supervise the work of his staff." (*Ibid.*; see also *Spindell v. State Bar* (1975) 13 Cal.3d 253, 260 [118 Cal.Rptr. 480, 530 P.2d 168, 80 A.L.R.3d 1231] ["An attorney has an obligation to adequately supervise his employees. . . ."]; ABA Model Rules Prof. Conduct, com. to rule 5.3 ["A lawyer should give such assistants appropriate instruction and supervision concerning the ethical aspects of their employment, particularly regarding the obligation not to disclose information relating to representation of the client, and should be responsible for their work product"].) Thus, Valdez was responsible for supervising Lui's work and is responsible for Lui's work product, including his mistake in calendaring the OSC hearing. (Cf. *Zamora v. Clayborn Contracting Group Inc.* (2002) 28 Cal.4th 249, 259 [121 Cal.Rptr.2d 187, 47 P.3d 1056] [assuming error of legal assistant attributable to counsel]; *Alderman v. Jacobs* (1954) 128 Cal.App.2d 273, 276 [274 P.2d 930] [assuming error of secretary attributable to counsel].)

Valdez, as required, acknowledged that Liu's error was attributable to the attorney and requested relief from default. The trial court should have

granted the Motion and considered whether sanctions were appropriate. Granting relief from default does not condone Valdez's failure to appear, but serves the purpose of relieving "the innocent client of the burden of the attorney's fault . . . ." (*Metropolitan Service Corp. v. Casa de Palms, Ltd.,* *supra*, 31 Cal.App.4th 1481, 1487.)

Hu's remaining arguments lack merit. First, Hu contends that Liu did not make a mistake and that the motion for relief from default should have included copies of Mr. Valdez's calendar. Hu's contention is inconsistent with the trial court's statement that "apparently your paralegal [Liu] isn't a licensed lawyer and didn't know what they were doing." Her contention is also inconsistent with section 473, which requires only the "attorney's sworn affidavit attesting to his or her mistake . . . ," not additional evidence demonstrating the mistake. (§ 473, subd. (b).)

Second, Hu argues that Fang was required to file a copy of her answer with her motion. Section 473, subdivision (b) does state that a request for relief "shall be accompanied by a copy of the answer or other pleading proposed to be filed therein . . . ." (§ 473, subd. (b).) ■ However, "[t]he objectives of the 'accompanied by' requirement, i.e., a screening determination that the relief is not sought simply to delay the proceedings, are satisfied by the filing of a proposed answer at any time before the hearing." (*County of Stanislaus v. Johnson* (1996) 43 Cal.App.4th 832, 838 [51 Cal.Rptr.2d 73].) ■ Here, the answer, which previously had been filed "g[a]ve adequate notice that the [order was] under attack and the basis for the attack" even though a copy of the answer was not attached to the Motion. (*Ibid.*) In addition, the answer was filed prior to the grant of default, and therefore was obviously "no more than six months after entry of judgment . . . ." (§ 473, subd. (b).)

## DISPOSITION

The judgment of default is reversed. Appellant is entitled to costs on appeal.

Rubin, J., and Boland, J., concurred.