Filed 1/28/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARTIN POTTS AND ASSOCIATES, INC., <br><br>     Plaintiff and Appellant, <br><br> v. <br><br> CORSAIR, LLC., <br><br>     Defendant and Respondent. | B263198 <br><br> (Los Angeles County <br> Super. Ct. No. BC534942) |

      APPEAL from a judgment of the Superior Court of Los Angeles County. Ruth Ann Kwan, Judge. Affirmed.

      Russ August & Kabat, Matthew A. Rips, for Plaintiff and Appellant.

      Lerner & Weiss, Leonard D. Lerner, for Defendant and Respondent.

\* \* \* \* \* \*

A trial court is required by statute to vacate a default, default judgment, or dismissal that is "in fact" caused by an attorney's "mistake, inadvertence, surprise, or neglect" if the attorney files a sworn affidavit "attesting" to such. (Code Civ. Proc., § 473, subd. (b).)[1] Must the attorney's affidavit also disclose the reasons for his mistake, inadvertence, surprise, or neglect? We conclude the answer is "no." Although such a statement of reasons will be helpful, and may sometimes be relevant to prove the causal link between the attorney's conduct and the default, default judgment, or dismissal, a statement of reasons is not required. We accordingly affirm the trial court's order setting aside the default and default judgment in this case.

## FACTS AND PROCEDURAL BACKGROUND

In 2011, defendant Corsair, LLC (Corsair) was developing a real estate project known as the Gran Plaza Outlets. In December 2011, Corsair hired plaintiff Martin Potts & Associates, Inc. (plaintiff) to provide management services for this project. When Corsair stopped paying plaintiff for those services in August 2013, plaintiff sued Corsair in February 2014 for the outstanding amount owed under theories of (1) account stated, (2) open book, and (3) breach of contract. Corsair never filed a responsive pleading. On March 25, 2014, the trial court entered an order of default against Corsair. On August 15, 2014, the court entered a default judgment awarding plaintiff $101,760.

On October 1, 2014, Corsair moved to set aside the default and default judgment pursuant to section 473, subdivision (b). As support, Corsair submitted an affidavit from Corsair's managing member and two affidavits from an attorney named Nicholas Klein (Klein). These affidavits stated the following facts: Klein had provided legal representation to Corsair "for over 15 years." Corsair's managing member, who was plaintiff's primary contact at Corsair, had received plaintiff's complaint and other filings in this case. As he had done many times before, the managing member had his assistant forward those documents to Klein. Klein received these documents, but took no action with respect to the lawsuit. Klein admitted that "[i]t was these failures on my part, as

---

[1] Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

2

counsel for [Corsair] that allowed the Default and Default Judgment to be entered in this matter," and that "my failure to protect the interest of [Corsair], as its counsel, is the sole reason the default was allowed to occur." Klein declined to "discuss the reasons for my failure to act in this matter." Plaintiff opposed Corsair's motion.

The trial court set aside the default and default judgment. The court found that "the default and default judgment . . . were caused by [] Klein's mistake, inadvertence, surprise or neglect"—namely, that Klein did not "fil[e] a responsive pleading on behalf of [Corsair]" and did not "advis[e] [Corsair] to file a responsive pleading." The court also ordered Corsair to file a responsive pleading within 30 days, and directed Klein to pay $5,267.83 to plaintiff as "reasonable compensatory legal fees and costs."

Plaintiff timely appeals.

## DISCUSSION

Plaintiff argues that the trial court erred in setting aside the default and default judgment because (1) section 473, subdivision (b) requires an attorney to explain the reasons behind his "mistake, inadvertence, surprise, or neglect," and (2) Corsair did not provide this explanation or otherwise meet the requirements for relief from default and default judgment. The meaning of section 473, subdivision (b) is a question of statutory interpretation we review de novo. (*Lee v. Hanley* (2015) 61 Cal.4th 1225, 1232.) Whether section 473, subdivision (b)'s requirements have been satisfied in any given case is a question we review for substantial evidence where the evidence is disputed and de novo where it is undisputed. (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399 (*Carmel*) [disputed facts]; *SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 516 (*SJP Limited*) [undisputed facts].)

## I. Requirements of Section 473, Subdivision (b)'s Mandatory Relief Provision

Prior to 1989, section 473, subdivision (b) granted a trial court the discretion to relieve a party "from a judgment, dismissal, order, or other proceeding taken against him" if (1) that action was due to the party's or lawyer's "mistake, inadvertence, surprise, or excusable neglect" and (2) the request for relief was "made within a reasonable time [and] in no case exceeding six months." (§ 473, subd. (b).) In 1988, our Legislature

3

added a second basis for relief under section 473, subdivision (b). As amended further in 1992, this additional provision provides that a "court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, . . . or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid.*)

Thus, section 473, subdivision (b) "contains two distinct provisions for relief from default" (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*))—one makes relief discretionary with the court; the other makes it mandatory. (*Todd v. Thrifty Corp.* (1995) 34 Cal.App.4th 986, 991 (*Todd*).) The two provisions differ in several other respects: (1) the mandatory relief provision is narrower in scope insofar as it is only available for defaults, default judgments, and dismissals, while discretionary relief is available for a broader array of orders (e.g., *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 228-229 (*Henderson*) [mandatory relief not available to set aside summary judgment order]; *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 620 [listing types of dismissals falling outside the scope of the mandatory relief provision]); (2) the mandatory relief provision is broader in scope insofar as it is available for inexcusable neglect (*Rodrigues v. Superior Court* (2005) 127 Cal.App.4th 1027, 1033 (*Rodrigues*)), while discretionary relief is reserved for "*excusable* neglect" (§ 473, subd. (b); *Carmel*, *supra*, 175 Cal.App.4th at pp. 399-400 [inexcusable attorney misconduct falling short of "total abandonment" not a basis for discretionary relief]); and (3) mandatory relief comes with a price—namely, the duty to pay "reasonable compensatory legal fees and costs to opposing counsel or parties" (§ 473, subd. (b)).

Plaintiff argues that the trial court's duty to grant relief from a default, default judgment, or dismissal under the mandatory relief provision is triggered only when the

4

attorney's affidavit includes the *reasons* for the attorney's "mistake, inadvertence, surprise, or neglect." We reject this argument for several reasons.

To begin, the text of section 473, subdivision (b) does not require an explication of reasons as a prerequisite to mandatory relief. "Statutory analysis begins with the plain language of [a] statute, and if that language is unambiguous, the inquiry ends there" as well. (*KB Home Greater Los Angeles, Inc. v. Superior Court* (2014) 223 Cal.App.4th 1471, 1476.) As noted above, section 473, subdivision (b) makes relief mandatory only if the request for relief "is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) As this text indicates, what must be attested to is the mistake, inadvertence, surprise, or neglect—not the reasons for it. (Accord, *State Farm Fire & Casualty Co. v. Pietak* (2001) 90 Cal.App.4th 600, 609 (*Pietak*) [attorney affidavit must include "admission by counsel for the moving party that his error resulted in the entry of a default or dismissal" or a "real concession of error"].)

Even if we were to go beyond the text of section 473, subdivision (b) and consider its purpose (*Lorenz v. Commercial Acceptance Ins. Co.* (1995) 40 Cal.App.4th 981, 990 (*Lorenz*) [noting how courts may look to our Legislature's intent in construing statutes]), that purpose is served without requiring attorneys to spell out the reasons for their omission. The purpose of section 473, subdivision (b) generally is "to promote the determination of actions on their merits." (*Even Zohar*, *supra*, 61 Cal.4th at p. 839, citing *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 255-256.) More specifically, section 473, subdivision (b)'s mandatory relief provision has three purposes: (1) "to relieve the innocent client of the consequences of the attorney's fault" (*Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1009 (*Solv-All*); *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1397 [noting purpose is "'to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys'"]); (2) "to place the burden on counsel" (*Solv-All*, at p. 1009); and (3) "to discourage additional litigation in the form of malpractice actions by the defaulted client against the errant attorney" (*ibid.*).

5

These purposes are advanced as long as mandatory relief is confined to situations in which the attorney, rather than the client, is the cause of the default, default judgment, or dismissal. (See *Metropolitan Service Corp. v. Casa de Palms* (1995) 31 Cal.App.4th 1481, 1487 (*Metropolitan Service*) [fault of attorney sufficient]; *SJP Limited*, *supra*, 136 Cal.App.4th at p. 517 [fault of attorney who is not attorney of record sufficient]; *Rodrigues*, *supra*, 127 Cal.App.4th at p. 1037 [fault of attorney who is licensed outside of California sufficient]; *Hu v. Fang* (2002) 104 Cal.App.4th 61, 64 (*Hu*) [fault of paralegal supervised by attorney sufficient]; cf. *Todd*, *supra*, 34 Cal.App.4th at pp. 991-992 [fault of client; not sufficient].) In other words, the purpose of the mandatory relief provision under section 473, subdivision (b) is achieved by focusing on *who* is to blame, not *why*. Indeed, in many cases, the reasons for the attorney's mistake, inadvertence, surprise, or neglect will be irrelevant; that is because, as noted above, the mandatory relief provision entitles a party to relief even when his or her attorney's error is inexcusable. (*Graham v. Beers* (1994) 30 Cal.App.4th 1656, 1660 (*Graham*); *Solv-All*, *supra*, 131 Cal.App.4th at p. 1010 [attorney's conscious decision not to file an answer is grounds for mandatory relief]; cf. *Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1073-1074 [attorney's strategic decision to err with intent to have client later invoke section 473, subdivision (b)'s mandatory relief provision precludes resort to mandatory relief].) We are reluctant to construe section 473, subdivision (b), to require in every case the production of information that will in many cases be of no use in deciding whether to grant relief. (Accord, *People v. Mendoza* (2000) 23 Cal.4th 896, 911 [declining to construe a statute to "require idle acts"].)

The case law reinforces our reading of the text and purpose of section 473, subdivision (b), because the courts have thus far eschewed any rule making mandatory relief contingent upon a disclosure of reasons. In *Hu*, *supra*, 104 Cal.App.4th 61, the court disclaimed any requirement that "evidence" beyond the attorney's affidavit is necessary to substantiate the attorney's "mistake, inadvertence, surprise, or neglect." (*Hu*, at p. 65.) And the court in *Graham*, *supra*, 30 Cal.App.4th 1656 noted the following in dicta: "[C]ounsel need not show that his or her mistake, inadvertence, surprise or

6

neglect was excusable. No reason need be given for the existence of one of these circumstances. Attestation that one of these reasons existed is sufficient to obtain relief, unless the trial court finds that the dismissal did not occur because of these reasons." (*Graham*, at p. 1660; *Avila v. Chua* (1997) 57 Cal.App.4th 860, 869 [same]; *Yeap v. Leake* (1997) 60 Cal.App.4th 591, 601 (*Yeap*) [same]; see also *Pietak*, *supra*, 90 Cal.App.4th at p. 609 [noting that mandatory relief is triggered by an "indispensible admission by counsel . . . that his error resulted in the entry of default or dismissal"].) The language in these cases is irreconcilable with plaintiff's contention that the reasons for an attorney's error must always be given as a precursor to mandatory relief.

Plaintiff proffers five reasons why the reasons for the attorney's mistake, inadvertence, surprise, or neglect must nevertheless be set forth in the attorney's affidavit before relief under section 473, subdivision (b) becomes mandatory. None is persuasive.

First, plaintiff argues that the mandatory relief provision of section 473, subdivision (b) employs language similar to that used in its discretionary relief provision; thus, plaintiff reasons, we must "presume that the Legislature intended the same construction." (*Estate of Griswold* (2001) 25 Cal.4th 904, 915-916.) However, this maxim of statutory construction is inapplicable. By its very terms, the maxim applies when the language of two provisions is the same; as described in detail above, however, the statutory language creating the mandatory and discretionary relief provisions of section 473, subdivision (b) is significantly different. Moreover, this maxim does not apply when "a contrary intent clearly appears." (*Ibid.*) Here, it does. The whole point of creating the mandatory relief provision was to make it easier to set aside a default, default judgment, or other dismissal due to attorney error, and the Legislature did so by supplementing the discretionary relief provision that required a showing of an attorney's "total abandonment" (*Carmel*, *supra*, 175 Cal.App.4th at pp. 399-400) with a provision that made relief automatic upon a showing of *any* error, excusable or not. Construing the two provisions to mean the same thing would fly in the face of this legislative intent.

Second, plaintiff argues that a requirement that an attorney state his or her reasons is more consistent with "the strong policy favoring the finality of judgments." (*Kulchar*

7

*v. Kulchar* (1969) 1 Cal.3d 467, 470.) But the Legislature enacted *both* provisions of section 473, subdivision (b) as an exception to this more general policy and as a means of "promot[ing] the determination of actions on their merits" (*Even Zohar*, *supra*, 61 Cal.4th at p. 839).

Third, plaintiff asserts that precedent supports its construction of section 473, subdivision (b)'s mandatory relief provision. Plaintiff cites language in *Even Zohar*, *supra*, 61 Cal.4th 840 stating that "[a]n attorney who candidly and fully acknowledges under oath the errors that have led a client into default will rarely have anything to add in a renewed motion" (*Even Zohar*, at p. 842), and in *Pietak*, *supra*, 90 Cal.App.4th 600 requiring a "straightfoward admission of fault" (*Pietak*, at p. 610). These passages at most demand an attorney's candid, full, and straightforward acknowledgment of his or her error; they do not speak to the reasons for those errors. Plaintiff also cites a number of cases in which a party seeking relief under the section 473, subdivision (b) has submitted an attorney affidavit that sets forth the reasons for the attorney's error. However, an attorney's decision in any particular case to offer more information than is statutorily required does not somehow cause that information to be statutorily required. Because none of the cases plaintiff cites holds or, for that matter even comments in passing, that the additional information offered in the attorney affidavit was required by section 473, subdivision (b), these cases lend little if any support to plaintiff's argument. (See *Henderson*, *supra*, 187 Cal.App.4th at pp. 223-229; *Carmel*, *supra*, 175 Cal.App.4th at pp. 399-401; *SJP Limited*, *supra*, 136 Cal.App.4th at pp. 516-520; *Rodrigues*, *supra*, 127 Cal.App.4th at pp. 1033-1037; *Hu*, *supra*, 104 Cal.App.4th at pp. 63-65; *In re Marriage of Hock & Gordon-Hock* (2000) 80 Cal.App.4th 1438, 1441, 1446-1447 (*In re Marriage of Hock*); *J.A.T. Entertainment v. Reed* (1998) 62 Cal.App.4th 1485, 1490-1492; *Yeap*, *supra*, 60 Cal.App.4th at pp. 594, 601-602; *Avila*, *supra*, 57 Cal.App.4th at

8

pp. 865, 868-869; *Milton v. Perceptual Dev. Corp.* (1997) 53 Cal.App.4th 861, 865-867 (*Milton*); *Metropolitan Service*, *supra*, 31 Cal.App.4th at pp. 1484-1488.)[2]

Fourth, plaintiff contends that the reasons underlying the attorney's "mistake, inadvertence, surprise, or neglect" may be relevant to prove that the error was the attorney's fault rather than the client's. Plaintiff is right. As noted above, mandatory relief is available only if the default or dismissal "was . . . in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) Such relief is not available when the error is the client's alone (*Todd*, *supra*, 34 Cal.App.4th at pp. 991-992); the courts are still divided as to whether it is available when the error lies partly at the client's feet and partly at the attorney's (compare *Lang v. Hochman* (2000) 77 Cal.App.4th 1225, 1248 (*Lang*) [relief available only if client is "totally innocent of any wrongdoing"]; *In re Marriage of Hock*, *supra*, 80 Cal.App.4th at p. 1446 [same]; *Carmel*, *supra*, 175 Cal.App.4th at p. 400 [same] with *Benedict v. Danner Press* (2001) 87 Cal.App.4th 923, 932 [relief available as long as client did not engage in intentional misconduct]; *SJP Limited*, *supra*, 136 Cal.App.4th at p. 520 [same]; see generally *Gutierrez v. G & M Oil Co, Inc.* (2010) 184 Cal.App.4th 551, 557-558 [detailing split of authority]). Where the cause of the default or dismissal is in dispute, the attorney's affidavit can serve as "'a causation testing device'" (*Milton*, *supra*, 53 Cal.App.4th at p. 867, quoting *Cisneros v. Vueve* (1995) 37 Cal.App.4th 906, 912), and a statement of reasons may be quite probative regarding who is at fault (see, e.g., *Todd*, at pp. 991-992 [looking to attorney's affidavit]; *Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, 621-623 [same]; *Lang*, at pp. 1248-1252 [same]). Because it is often unknown at the time a motion for mandatory relief is filed whether causation will be disputed, an attorney would be well served to include the reasons for his or her "mistake, inadvertence, surprise, or neglect" in the affidavit of fault. This is no doubt why practice guides so recommend. (E.g., Weil & Brown, Civil Procedure Before Trial, (1st ed., 2015 supp.) § 5:390.1 [recommending that attorney "include *detailed* factual explanations as to

---

[2] One of the cases plaintiff cites deals with the discretionary relief provision. (See *Elston v. City of Turlock* (1985) 38 Cal.3d 227, 233.)

9

how the claimed 'mistake' or 'neglect' occurred"].) But the fact that it may be a very good idea to include an explanation of attorney fault does not mean it is a requirement of section 473, subdivision (b)'s mandatory relief provision. For the reasons noted above, it is not.

Lastly, plaintiff argues that an attorney affidavit of fault lacking an explanation of the reason for that fault is nothing more than an "affidavit[] or declaration[] setting forth only conclusions, opinions or ultimate facts," which is "insufficient" as a matter of law. (*Kendall v. Barker* (1988) 197 Cal.App.3d 619, 624; *Greskho v. County of Los Angeles* (1987) 194 Cal.App.3d 822, 834; *Atiya v. Di Bartolo* (1976) 63 Cal.App.3d 121, 126.) We disagree. To be sure, it is not enough for the attorney to attest, "My client is entitled to relief under section 473, subdivision (b)"; that would be an impermissible conclusion of ultimate fact. But an attorney's admission of his mistake, inadvertence, surprise, or neglect is not an impermissible ultimate fact because it is precisely what section 473, subdivision (b) calls for—namely, a "sworn affidavit attesting to [the attorney's] mistake, inadvertence, surprise, or neglect" (§ 473, subd. (b)).

For all these reasons, we conclude that an attorney affidavit of fault under the mandatory relief provisions of section 473, subdivision (b) need not include an explanation of the reasons for the attorney's mistake, inadvertence, surprise, or neglect.

## II.    Review of the Affidavit in This Case

As explained above, a trial court is obligated to set aside a default, default judgment, or dismissal if the motion for mandatory relief (1) is filed within six months of the entry of judgment, (2) "is in proper form," (3) is accompanied by the attorney affidavit of fault, and (4) demonstrates that the default or dismissal was "in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).) Plaintiff concedes that Corsair has met the first and second requirements, but disputes the last two.

Plaintiff challenges the sufficiency of Klein's affidavit. Specifically, he argues that Klein's affidavit is deficient because (1) Klein does not set forth the reasons for his neglect, (2) Klein's recitations are oblique and obtuse (that is, they contain statements attesting to what Klein did *not* do rather than to what he did), and (3) Klein's admissions

10

that he failed to file a responsive pleading do not sufficiently attest to a mistake, inadvertence, surprise or neglect.

These arguments lack merit. We have rejected the first, statute-based argument. We also reject plaintiff's second contention. Although an affidavit more directly spelling out an attorney's actions might be more easily understood, Klein's declarations nevertheless unequivocally spell out that he was Corsair's lawyer; he received plaintiff's filings from Corsair; he did nothing with those papers; and his decision to do so was his and his alone. Lastly, Klein sufficiently admitted his neglect. "Neglect" includes an "omission" (*Barragan v. County of Los Angeles* (2010) 184 Cal.App.4th 1373, 1382-1383), including the failure to give "'proper attention to a person or thing, whether inadvertent, negligent, or willful'" (*In re Ethan C.* (2012) 54 Cal.4th 610, 627, quoting Black's Law Dictionary (8th ed. 2004)). Klein's acknowledgment that he received plaintiff's lawsuit filings from Corsair and did nothing with them qualifies as not giving them proper attention, and thus as neglect. Because we are dealing with the mandatory relief provision, it does not matter whether Klein's neglect was excusable or inexcusable.

Plaintiff also challenges the trial court's finding that Klein's neglect caused the default.[3] In particular, plaintiff argues that it is possible that Corsair directed Klein to stall by not responding to plaintiff's filings—thus making the default *Corsair's* fault—because (1) the affidavits from Klein and Corsair's managing member did not absolutely preclude the possibility that someone else at Corsair (other than the managing member) so directed Klein and (2) plaintiff presented evidence that a corporation with a similar name (Corsairs LLC) was formed days after plaintiff filed suit. However, as detailed above, those affidavits also detail Klein's failure to take any action and include his admission that it was "failures on [his] part . . . that allowed the Default . . . to be entered." As such, the affidavits constitute substantial evidence that Klein's neglect was

---

**3** Corsair had a second lawyer as well, but the trial court found that this lawyer's "alleged statements and/or communications [to plaintiff] regarding his representation of [Corsair] and/or the reason(s) why the default was entered do not necessarily contradict and/or trump [] Klein's declarations regarding representation and fault." Plaintiff does not challenge this finding on appeal.

11

the sole cause of the default.  Because a conflict in the evidence does not render it insubstantial (e.g., *People v. Panah* (2005) 35 Cal.4th 395, 489), we have no basis to disturb the court's factual finding regarding causation.

## DISPOSITION

The order granting relief from default and default judgment is affirmed.  Corsair is entitled to costs on appeal.

<u>**CERTIFIED FOR PUBLICATION**</u>**.**

_____, J.
HOFFSTADT

We concur:

_____, P.J.
BOREN


_____, J.
ASHMANN-GERST

12