Filed 7/2/21  Atallinni v. Atallah CA4/2

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JEOVANNI ATALLINNI,<br><br>        Plaintiff, Cross-defendant and Appellant,<br><br>v.<br><br>JIHAD ATALLAH,<br><br>        Defendant, Cross-complainant and Respondent;<br><br>ELIAS ATALLAH,<br><br>        Defendant and Respondent. | E072646<br><br>(Super.Ct.No. MCC1500547)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Angel M. Bermudez, Judge.  Affirmed.

Jeovanni Atallinni, in pro. per., for Plaintiff, Cross-defendant and Appellant.

Best Best & Krieger and Amy E. Hoyt for Defendant, Cross-complainant and Respondent Jihad Atallah and for Defendant and Respondent Elias Atallah.

Jeovanni Atallinni sued his brothers, Jihad and Elias Atallah, to settle a dispute over real property in Wildomar, California.[1]  Jihad filed a cross-complaint against Atallinni relating to the same property.  The trial court dismissed Atallinni's first amended complaint (FAC) with prejudice and entered a default judgment against Atallinni on the cross-complaint.  Atallinni argues that the trial court erred by denying his motion for relief from the default.  We affirm.

## BACKGROUND

### I.  *Allegations of Atallinni's FAC*

The FAC alleged the following facts:  Atallinni wanted to purchase the subject property but could not obtain a mortgage loan because of his credit rating.  In July 2008, Jihad and Atallinni agreed that Jihad would obtain a mortgage loan and take title to the property in his name alone, but Atallinni would provide the funds for the down payment and make all mortgage, insurance, and tax payments.  Atallinni made those payments and lived at the property for years.  Around October 2015, Jihad listed the subject property for sale and accepted an offer that was $90,000 below market value.  After learning of this lawsuit, Jihad terminated the pending sale and transferred title of the subject property to Elias.  Jihad served Atallinni with a 30-day notice to vacate the property in December 2015.

The FAC sought to quiet title to the subject property and alleged a number of related causes of action.

---

[1]    We refer to Jihad and Elias by their first names for the sake of clarity.  No disrespect is intended.

II. *Allegations of Jihad's Cross-Complaint*

The cross-complaint alleged the following facts: Jihad bought the subject property in July 2008. He agreed to rent the property to Atallinni after Atallinni lost his home in a foreclosure sale. Atallinni failed to pay the mortgage and homeowners association dues as agreed, so Jihad became delinquent on those payments. Jihad made the delinquent payments, but he could not afford the mortgage payments on both the subject property and his own residence going forward. He tried to sell the subject property but could not because Atallinni refused to cooperate. In March 2016, Jihad filed an unlawful detainer action to evict Atallinni. Jihad prevailed in the unlawful detainer action, and Atallinni was evicted in June 2016.

Like the FAC, the cross-complaint sought to quiet title to the subject property. The cross-complaint also alleged causes of action for breach of contract and declaratory relief, and it sought over $130,000 in damages.

III. *Atallinni's Default on the Cross-complaint*

Jihad served the cross-complaint on Atallinni on November 22, 2017. On December 28, 2017, Jihad filed a request for entry of default on the cross-complaint. The court clerk entered Atallinni's default that same day.

In June 2018, Atallinni filed an ex parte application for relief from the default. The next day, the court denied the ex parte application without prejudice to Atallinni filing a noticed motion. A few days later, Atallinni moved for relief from the default under Code of Civil Procedure section 473. (Unlabeled statutory citations refer to this code.) He asserted that the default was the result of mistake, inadvertence, surprise, or

3

excusable neglect. His counsel's declaration in support of the motion stated that opposing counsel had requested the default without warning that he was doing so. Counsel also declared that Atallinni had a "continuing physical disability" that interfered with his ability to communicate with counsel and respond to the cross-complaint. Counsel acknowledged that Jihad had served him with the cross-complaint in November 2017.

The court denied Atallinni's motion for relief from the default. The court ruled that Atallinni had not shown he was entitled to relief under section 473, subdivision (b). It concluded that counsel's declaration in support of the motion did not admit any fault for failing to respond to the cross-complaint, and Atallinni did not submit a declaration showing his own mistake, inadvertence, surprise, or excusable neglect.

IV. *The Default Prove-up Hearing*

At the default prove-up hearing, Jihad's evidence showed that he purchased the subject property in 2008 and provided approximately $193,000 of his own funds for the down payment. He rented the property to Atallinni, who agreed to pay the mortgage, homeowners association dues, property taxes, and homeowners insurance premiums. Jihad introduced evidence that Atallinni's failure to make the various payments resulted in damages of $109,500.07. The court entered a default judgment against Atallinni for that amount. The judgment also dismissed the FAC and declared that the subject property is "the sole property of Jihad."

4

DISCUSSION

Atallinni argues that the court abused its discretion by denying his motion for relief from the default.  The argument lacks merit.

Section 473, subdivision (b) consists of discretionary and mandatory provisions for relief from default.  (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438.)  The discretionary provision states that the court "may" relieve a party from a default obtained through the party's "mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  The party must move for discretionary relief within "a reasonable time, in no case exceeding six months" after entry of the default.  (*Ibid.*)  The mandatory provision states that the court "shall" relieve the party from a default when the motion is supported by an attorney's "sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect," unless the court finds that the attorney's actions did not in fact cause the default.  (*Ibid.*)  The defaulting party must bring a motion based on attorney fault "no more than six months after entry of judgment."  (*Ibid.*)

Here, Atallinni fails to show that the court abused its discretion by denying his motion for relief from the default.  While his opening brief discusses section 473 and related case law, he fails to apply that law to the facts of this case and demonstrate how the trial court erred.  Instead, he asserts in a conclusory manner that his motion was timely and that "the mistake, inadvertence, surprise, or excusable neglect" prevented him from timely responding to the cross-complaint.  But we presume that the trial court's order was correct, and Atallinni bears the burden of demonstrating reversible error.  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)  We have no duty to develop

5

his arguments for him.  (*Cahill v. San Diego Gas & Electric Co.* (2011) 194 Cal.App.4th 939, 956; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.) Atallinni's conclusory statements fail to carry his burden.

Moreover, our review of the record discloses that the trial court did not err by denying Atallinni's motion.  Atallinni's counsel acknowledged that he had been served with the cross-complaint, and counsel did not declare that he was responsible for the failure to respond to the cross-complaint.  There was thus no basis for relief under the mandatory provision for attorney fault.  And the moving papers did not set forth any basis for relief under the discretionary provision.  Nothing in the motion or counsel's declaration showed that the failure to respond to the cross-complaint was the result of Atallinni's mistake, inadvertence, surprise, or excusable neglect.  Counsel stated that Atallinni's physical disability interfered with his ability to communicate with counsel and respond to the cross-complaint, but that bare statement did not carry Atallinni's burden as the moving party.  To establish excusable neglect, he had to show that he acted as "a reasonably prudent person [would] under the same circumstances." (*Conway v. Municipal Court* (1980) 107 Cal.App.3d 1009, 1017.)  The court had no basis to conclude that Atallinni had acted as a reasonably prudent person, in the absence of any information about Atallinni's claimed disability or any explanation of how it prevented him from responding to the cross-complaint.

Counsel's supporting declaration also stated that opposing counsel failed to provide advance notice that Jihad was requesting the default.  While counsel may have an ethical obligation to warn opposing counsel before requesting entry of the default, in the

6

absence of an attorney affidavit of fault, the failure to warn does not require the court to grant relief from the default. (*Fasuyi v. Permatex, Inc.* (2008) 167 Cal.App.4th 681, 701-702 & fn. 10.) The court still has discretion to deny relief, and we review that decision for abuse of discretion. As already explained, there was no abuse of discretion here.

For all of these reasons, Atallinni fails to show that the court erred by denying his motion for relief from the default.[2]

## DISPOSITION

The judgment is affirmed. Jihad and Elias shall recover their costs of appeal.[3] (Cal. Rules of Court, rule 8.278(a)(1).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ      

J.

We concur:

MILLER      
      Acting P. J.
RAPHAEL      
      J.

---

[2]    Early in his opening brief, Atallinni identifies several other rulings or findings that he purports to challenge, but he never mentions them in the argument section of his brief. He therefore forfeited those challenges. (*In re Marriage of Falcone & Fyke*, *supra*, 164 Cal.App.4th at p. 830 [appellant forfeited contentions that were not supported by "cogent legal argument or citation to authority"]; *Kurinij v. Hanna & Morton* (1997) 55 Cal.App.4th 853, 865 ["[T]he appellant must present argument and authorities on each point to which error is asserted, or else the issue is waived"].)

[3]    Jihad and Elias filed a request for judicial notice of the local court rule requiring the parties to exchange certain documents before trial. We deny the request because that material is unnecessary to our resolution of the appeal. (*County of San Diego v. State of California* (2008) 164 Cal.App.4th 580, 613, fn. 29.)

7