Filed 11/16/21  S.B. v. B.J. CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| S.B., | F080482 |
| Plaintiff and Appellant, | (Super. Ct. No. BPT-19-002075) |
| v. | |
| B.J., | **OPINION** |
| Defendant and Respondent. | |

**THE COURT**[*]

APPEAL from orders of the Superior Court of Kern County.  Susan M. Gill, Judge.

S.B., in pro. per., for Plaintiff and Appellant.

No appearance for Defendant and Respondent.

-ooOoo-

S.B. appeals in propria persona from the trial court's order setting aside the entry of default and default judgment against B.J, and the trial court's order denying his request for emergency custody.  Because the trial court was required to set aside the default and

---

[*] Before Poochigian, Acting P. J., Smith, J. and Snauffer, J.

default judgment pursuant to Code of Civil Procedure,[1] section 473, subdivision (b), and S.B. fails to establish any applicable hearsay exception to admit his minor children's witness statements, we affirm.

## FACTS

This action arises from events related to a family custody dispute involving a Domestic Violence Restraining Order. Because the underlying record includes sensitive material, and our decision rests largely on legal analysis, we limit our recitation of the facts to those necessary for our decision. Furthermore, the limited record on appeal excludes documents and transcripts that, while unnecessary to reach our decision, nevertheless prevent us from producing a thorough narrative.

Around February 2019,[2] S.B. filed a petition in Kern County. The Los Angeles County Sheriff served B.J. with notice of that petition on February 28. B.J. failed to appear for over four months. On July 10, B.J. retained new local counsel. However, the court declared B.J. in default on July 22. The court granted and entered a default judgment in favor of S.B. and against B.J. on July 26. Within six months of the entry of judgment, on September 11, B.J.'s attorney filed a Request for Order, requesting the court set aside default and default judgment. The attorney attached a sworn affidavit and other proper documents pursuant to section 473, subdivision (b). In response, S.B. filed a Responsive Declaration to Request for Order. He attached a police report recounting an investigator's interviews with two of S.B. and B.J.'s minor children, which, according to S.B.'s brief but absent from the record, the trial court ruled were inadmissible hearsay.[3] On November 1, the trial court granted B.J.'s request to set aside default and default

---

[1] All statutory references are to the Code of Civil Procedure unless otherwise stated.

[2] All subsequent dates fall in 2019 unless specified otherwise.

[3] For purposes of this opinion, we observe that neither the police report, nor any part of the record, contains any allegation that the minor children were sexually abused.

judgment as an additional order in its Order on Request to Continue Hearing without explanation.[4]  S.B. then filed a request for Temporary Emergency (Ex Parte) Order requesting custody on November 6, which the trial court denied the same day.[5]

S.B. timely appealed on December 13.  Though B.J. failed to submit a respondent's brief, we consider this appeal upon the record and the appellant's opening brief alone.  (See Cal. Rules of Court, rule 8.220(a)(2).)

## DISCUSSION

S.B. argues that the trial court should not have set aside the default and default judgment against B.J.  However, the trial court lacked discretion to do otherwise because it was *required* to set aside B.J.'s default and default judgment.  Section 473, subdivision (b) provides that, "[n]otwithstanding any other requirements of this section, the court *shall*, whenever an application for relief is made no more than six months after the entry of judgment, is in proper form, and is accompanied by *an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect*, vacate any . . . resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."  (Emphasis added.)  In this case, the record demonstrates that B.J.'s attorney complied with the foregoing conditions, within the appropriate time, and included her sworn affidavit attesting to her mistake, inadvertence, and surprise.  Consequently, relief from default and default judgment was mandatory.

S.B. contends that B.J.'s counsel's mistake, inadvertence, surprise, or neglect must be reasonable and excusable considering all evidence.  Not so.  To support this

---

[4] The record before us contains no transcript of the underlying proceedings.

[5] Though S.B. indicates in his opening brief that the trial court made certain statements and ruled on the admissibility of evidence, we lack any documentation of these events in our record.  Regardless, we are able to deal with S.B.'s arguments purely as matters of law.

3.

proposition, S.B. cites many cases, all of which are inapplicable because they were decided prior to 1992. In 1992, the California Legislature amended section 473, subdivision (b) to add the above-quoted language making setting aside default and default judgment mandatory under specific conditions. (See *Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 437) [briefly recounting the legislative history].) S.B. cites no case, and we find none, applying the pre-1992 standard beyond this legislative amendment. Furthermore, B.J.'s counsel was not required, as S.B. posits, to provide any reason whatsoever for her "mistake, inadvertence, surprise, or neglect." (*Id.* at p. 438 ["[T]he text of section 473, subdivision (b) does not require an explication of reasons as a prerequisite to mandatory relief."].) Therefore, as the law presently stands, section 473, subdivision (b) mandates relief from default where all the conditions it describes are met. Because those conditions were met in this case, the trial court properly granted B.J.'s motion to set aside default and default judgment.[6]

S.B. next challenges the trial court's denial of his emergency request for custody. He argues that the trial court wrongfully dismissed certain statements made by his minor children to police officers as hearsay under Evidence Code section 1228. For the court to admit, in its discretion, hearsay attributable to a minor, Evidence Code section 1228 lays out six requirements, all of which must be met for the exception to apply. Relevant here is the requirement that the statement must describe "the minor child as a victim of sexual abuse." (Evid. Code., § 1228, subd. (b).) The police report in the record does not describe, nor does S.B. allege, that either minor child was a victim of sexual abuse.

---

[6] S.B.'s other arguments related to the default and default judgment flow from the premise that the trial court had discretion to set aside B.J.'s default and default judgment. Because we find the trial court was required to set them aside, we need not address his other arguments.

Consequently, Evidence Code section 1228's hearsay exception does not apply. S.B. does not cite any other authority establishing an applicable hearsay exception.[7]

## DISPOSITION

The trial court's November 1, 2019, order setting aside entry of default and default judgment and November 6, 2019, order denying S.B.'s request for emergency custody are affirmed. The parties shall bear their own costs on appeal.

---

[7] S.B. makes other arguments that the trial court acted inappropriately. None of these arguments appear to be premised on any legally cognizable theory. Furthermore, S.B. needed "to support claims of error with meaningful argument and citation to authority." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52; see Cal. Rules of Court, rule 8.204(a)(1)(B).) Failing to do so, he waives these arguments; thus, we do not consider them. (*Nelson v. Avondale Homeowners Assn.* (2009) 172 Cal.App.4th 857, 862.)