Filed 3/13/26  Doe v. Johnson CA2/8

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>TAZMAN JAMES JOHNSON,<br><br>    Defendant and Respondent. | B338030<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV42590)<br><br>**ORDER MODIFYING OPINION, DENYING PETITION FOR REHEARING, AND DENYING REQUEST FOR JUDICIAL NOTICE**<br><br>**[NO CHANGE IN JUDGMENT]** |

THE COURT:

IT IS ORDERED that the petition for rehearing filed March 3, 2026 is denied, the request for judicial notice filed March 10, 2026 is denied, and the opinion filed February 27, 2026 is modified as set forth below.  To the extent Doe insists that Presiding Justice Stratton recuse herself, that request is denied.  To the extent Doe requests publication of the opinion filed February 27, 2026, that request is also denied.  There is no change in the judgment.

On page 9, in the first full paragraph, delete the final two sentences:

Finally, we note that in her reply brief, which she filed in pro. per., Doe raises several new arguments.  Because those arguments were not raised in her opening brief, we do not consider them.  (See *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115.)

After the first full paragraph on page 9, add the following paragraphs:

While this appeal was pending, Doe filed a supplemental brief.  Johnson filed a brief responding to Doe's supplemental brief.  Both briefs were filed with our permission.

In her supplemental brief, Doe argues that the trial court acted in excess of its jurisdiction by allowing Johnson to file a sur-reply and supplemental declaration in support of his motion to vacate the default and default judgment after the time for filing a reply brief had elapsed.  We disagree.  As we noted above, the trial court allowed Johnson to file those documents to respond to arguments that Doe raised for the first time at the hearing on the motion to vacate and which were not raised in her written opposition to that motion.  In other words, the trial court allowed Johnson to file the sur-reply and supplemental declaration to respond to arguments that he did not have the opportunity to respond to in his original reply to Doe's opposition.

It is well-settled that a trial court has the inherent power to exercise its discretion and control over all proceedings relating to litigation before it.  (*Johnson v. Banducci* (1963) 212 Cal.App.2d 254, 260.)  As part of that inherent discretion, a trial court may, as the court did here, allow a party to file additional briefs and supporting evidence to respond to new

2

arguments that an opponent raised after filing his or her original moving or opposition papers. (See *Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 804.)

Doe also argues in her supplemental brief that the trial court should have denied Johnson's motion to vacate because Kaufman is employed by the executor of Johnson's family trust, not by Johnson himself. Doe claims that Kaufman answers directly to the family trust, and not to Johnson himself, and, as a result, Johnson was not entitled to have the default and default judgment vacated. This argument lacks merit. There is ample evidence in the record showing that Kaufman represented Johnson directly. One of Kaufman's attorneys testified that the law firm represented Johnson individually in other criminal and civil cases and that it was Johnson's "counsel of record" in this case. In addition, the caption pages for Johnson's motion to vacate and supporting documents state that Kaufman's lawyers are "Attorneys for Defendant, Tazman James Johnson." Because Johnson is Kaufman's "client," Johnson was entitled to relief under section 473, subdivision (b). (See *SJP Limited Partnership v. City of Los Angeles* (2006) 136 Cal.App.4th 511, 520 [noting that mandatory relief under 473, subdivision (b) is available to the attorney's " 'client,' " and not to individuals or entities who are not represented by the attorney at fault].)

To the extent Doe argues in her supplemental brief that the trial court should have denied Johnson's motion to vacate because Johnson engaged in intentional misconduct that caused entry of the default and default judgment, we reject that argument because, as we discussed above, substantial evidence supports the court's finding that Johnson was not at fault.

3

Finally, to the extent Doe raises arguments in her reply brief that were not raised in her opening brief or supplemental brief, we decline to address those new arguments because Johnson did not have an opportunity to file a written response to them.  (See *Doe v. California Dept. of Justice*, *supra*, 173 Cal.App.4th at p. 1115.)

The petition for rehearing filed by appellant Jane Doe is denied.

There is no change in the judgment.

---

  STRATTON, P. J.     VIRAMONTES, J.     SCHERB, J.

Filed 2/27/26  Doe v. Johnson CA2/8 (unmodified opinion)
# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff and Appellant,<br><br>  v.<br><br>TAZMAN JAMES JOHNSON,<br><br>  Defendant and Respondent. | B338030<br><br>(Los Angeles County<br>Super. Ct. No. 21STCV42590) |

APPEAL from an order of the Superior Court of Los Angeles County.  Anne Hwang, Judge.  Affirmed.

The Firm LA, Eric Edward Menoyo; and Jane Doe, in pro. per., for Plaintiff and Appellant.

The Kaufman Law Group and Gary J. Kaufman for Defendant and Respondent.

_____

## INTRODUCTION

Plaintiff Jane Doe appeals from the trial court's order granting defendant Tazman James Johnson relief from default and default judgment under Code of Civil Procedure[1] section 473, subdivision (b), based on the neglect of Johnson's attorney. On appeal, Doe contends the trial court erred in granting Johnson relief because, among other reasons, insufficient evidence supports the court's finding that Johnson did not engage in intentional misconduct contributing to entry of the default and default judgment. We conclude substantial evidence supports the court's findings and that the court properly granted Johnson relief from default and the default judgment. Accordingly, we affirm.

## BACKGROUND

In November 2021, Doe filed a complaint against Johnson, alleging causes of action for sexual battery, gender violence, battery, and assault. The next month, Doe filed a proof of service showing that copies of the complaint, civil case cover sheet, summons, notice of case assignment, "ADR information packet," and an amendment to the complaint were personally served on "Tazmin James Johnson." Johnson did not answer Doe's complaint.

In July 2022, Doe filed a request for entry of Johnson's default, which the trial court rejected.

On August 8, 2022, an attorney representing Johnson in a different civil case notified the Kaufman Law Group (Kaufman),

---

[1] All undesignated statutory references are to the Code of Civil Procedure.

2

which was representing Johnson in other civil and criminal cases, about Doe's lawsuit.  That attorney informed Kaufman that Johnson appeared to be unrepresented in this case and attached copies of, among other things, the trial court's docket and excerpts from Doe's complaint.  Although Johnson had yet to retain Kaufman to represent him in this case, the law firm "indicated to [Johnson] that [it] would look into and handle this matter."

In mid-September 2022, Doe filed a second proof of service, showing that copies of the complaint, summons, amendment to the complaint, and a statement of damages were served on Johnson by substituted service on August 10, 2022.  On September 15, 2022, the trial court rejected Doe's second request for entry of Johnson's default.

On September 26, 2022, Doe filed a third request for entry of Johnson's default, which the court clerk entered that same day.

On July 3, 2023, the trial court entered a default judgment against Johnson for around $5.3 million.

On December 28, 2023, Kaufman filed a motion to vacate the default and default judgment on Johnson's behalf under section 473, subdivision (b).  An attorney from Kaufman submitted a supporting declaration.

Throughout the entirety of this lawsuit, Kaufman was representing Johnson in two then-ongoing felony criminal cases.  Kaufman was also representing Johnson in a different civil case.  In July 2022, Johnson entered a plea agreement in one of those criminal cases.  As part of that plea agreement, Johnson was required to enter an inpatient drug rehabilitation program for six months.  Johnson entered the program on August 10, 2022, but he fled later that month.  Kaufman had no contact with Johnson

3

until he turned himself into the authorities in May 2023. Johnson was re-admitted to a different inpatient rehabilitation program in July 2023, but he disappeared from the program in early August 2023. Kaufman has had no contact with Johnson since he disappeared.

Although Kaufman learned about this case in August 2022, the firm was not retained to represent Johnson until after the court entered his default in September 2022. Kaufman "was tasked with investigating this action and addressing the default, [but] counsel's primary focus was targeted on litigating the felony criminal cases." Kaufman also "was very limited in its ability to properly litigate both the criminal cases and this case due to severely limited contact with [Johnson] during that time period." Accordingly, this case "fell below [Kaufman's] radar while the focus remained on the two felony matters." Kaufman claimed that entry of the default judgment "was the result of the mistake, inadvertence, surprise, or neglect of counsel" because "counsel was focused on the criminal matters."

Doe opposed Johnson's motion to vacate. Among other things, Doe argued that the trial court lacked jurisdiction to rule on the motion because it was not timely filed.

The trial court held initial hearings on the motion to vacate on February 5 and 9, 2024. At one of the initial hearings, Doe argued for the first time that Johnson was barred from relief under section 473, subdivision (b), because Kaufman was not Johnson's counsel of record when the motion was filed. The court allowed Johnson to file a sur-reply to respond to Doe's new argument.

In support of the sur-reply, Kaufman submitted a supplemental declaration from one of its attorneys. The attorney

4

confirmed that since July 2018, Kaufman has represented Johnson in other civil and criminal matters. Johnson was "relying on [the law firm] to protect his legal interests" throughout the entirety of this case. The attorney clarified that Kaufman first learned of Doe's lawsuit after she filed her first request for default in July 2022, which the trial court rejected. After learning of the lawsuit, Kaufman indicated to Johnson that it would "look into and handle this matter." Because the law firm was "increasingly focused and busy with [other] ongoing criminal matters it was representing Mr. Johnson on," it "mistakenly did not turn its attention to this case in time to prevent the entry of default." Kaufman asserted that its "mistake, inadvertence, surprise, or neglect . . . was a proximate cause both of the entry of the default and the subsequent entry of default judgment."

On February 29, 2024, the trial court granted Johnson's motion to vacate. As a threshold matter, the court found Johnson's motion was timely because it was filed less than six months after the court entered the default judgment in July 2023. The court then found that although Johnson had apparently been personally served with the summons and complaint in December 2021, he "was innocent of failing to file an answer or otherwise 'handle' the matter" because Kaufman represented that it " 'would look into and handle this matter.' " According to the court, there was "no evidence that [Johnson] should not have relied on the representation of counsel and handle the matter on his own. Moreover there [was] no evidence of intentional misconduct by [Johnson]." Ultimately, the court found relief was mandatory because "entry of default was in fact caused by counsel's neglect[, and] [c]ounsel's neglect was . . . the cause of the entry of default judgment."

5

On March 7, 2024, Johnson answered Doe's complaint. Doe timely appeals.[2]

## DISCUSSION

Section 473, subdivision (b) includes two provisions for relief from default and default judgment—one makes relief discretionary, while the other makes relief mandatory. (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438 (*Martin Potts*).) Under the mandatory provision, which is at issue in this case, "the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to the attorney's mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by

---

[2] While this appeal was pending, Doe filed a request for judicial notice of the following items: (1) a copy of the trial court's February 5, 2024 tentative ruling, in which the court indicated that it was inclined to deny Johnson's motion to vacate because Kaufman was not counsel of record when the default and default judgment were entered (Exhibit A); (2) a copy of a notice of the court's February 29, 2024 ruling granting Johnson's motion to vacate prepared by Johnson, along with a copy of the court's February 29, 2024 minute order granting Johnson's motion to vacate (Exhibit B); and (3) a copy of the trial court's order from a different case, involving different parties, denying as untimely a motion filed under section 1005, subdivision (b) (Exhibit C). We grant Doe's request as to Exhibits A and B and deny her request as to Exhibit C, which is irrelevant to the issues raised in this appeal. (See *Associated General Contractors of California, Inc. v. Department of Industrial Relations* (2025) 108 Cal.App.5th 243, 262, citing *People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 422, fn. 2.)

6

the clerk against the attorney's client, . . . or (2) resulting default judgment or dismissal entered against the attorney's client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."  (§ 473, subd. (b).)

"[A] party is entitled to mandatory relief under section 473(b), even when the attorney error is inexcusable, so long as the attorney affidavit of fault shows the error was the fault of the attorney rather than the client."  (*Jimenez v. Chavez* (2023) 97 Cal.App.5th 50, 57–58.)  We review a trial court's finding that section 473, subdivision (b)'s requirements for mandatory relief from default or default judgment have been met for substantial evidence.  (*Martin Potts*, *supra*, 244 Cal.App.4th at p. 437.)

The trial court found that entry of the default and default judgment were caused by Kaufman's neglect.  This finding is supported by the record.  As noted above, an attorney from Kaufman submitted two declarations testifying that Kaufman discovered Doe's lawsuit nearly two months before the court entered Johnson's default.  According to the attorney, Kaufman then indicated to Johnson that the law firm would "look into and handle this matter."  Kaufman failed to respond to Doe's complaint or otherwise take any action to prevent entry of default because it was "focused" and "busy with [Johnson's] ongoing criminal matters."  According to Kaufman's attorney, the law firm "mistakenly did not turn its attention to this case in time to prevent the entry of the default."

Doe contends that the trial court erred in granting Johnson relief from the default and default judgment because Johnson was responsible for the default by failing to answer or otherwise respond to her complaint after he was personally served with the

7

summons and complaint in December 2021.  The trial court, however, addressed this issue and found that Johnson was "innocent" and did not engage in any "intentional misconduct" that contributed to entry of the default or default judgment.  Those findings are also supported by the record.  While it is true that Johnson did not respond to Doe's complaint after he was served with it and the summons, nothing in the record conclusively shows that Johnson intentionally obstructed Kaufman from filing a responsive pleading or taking other actions to prevent entry of the default and default judgment.  At most, there is a conflict in the evidence as to whether Johnson's conduct was a contributing factor to the default.  But "a conflict in the evidence does not render it insubstantial." (*Martin Potts*, *supra*, 244 Cal.App.4th at p. 444.)  Accordingly, "we have no basis to disturb the court's factual finding regarding causation." (*Ibid*.)

This case is distinguishable from *Lang v. Hochman* (2000) 77 Cal.App.4th 1225 and *Johnson v. Pratt & Whitney Canada, Inc.* (1994) 28 Cal.App.4th 613, on which Doe relies to argue that the trial court should have denied Johnson's motion to vacate because he was not "totally innocent" in contributing to entry of the default and default judgment.  (See *Lang*, at p. 1248.)  In *Lang* and *Johnson*, the reviewing courts affirmed the trial courts' orders denying relief from default because evidence supported the trial courts' findings that the moving parties engaged in intentional misconduct that contributed to the underlying defaults.  (See *Johnson*, at pp. 622–623; *Lang*, at pp. 1241, 1248–1252.)  As we just explained, the trial court in this case found that Johnson did not engage in any intentional misconduct, and

that finding is supported by the record. Accordingly, *Lang* and *Johnson* do not support Doe's argument.

Because we conclude substantial evidence supports the trial court's findings that Kaufman's neglect caused entry of the default and default judgment and that Johnson did not engage in any intentional misconduct contributing to entry of those orders, we need not address the remaining arguments raised in Doe's opening brief. Finally, we note that in her reply brief, which she filed in pro. per., Doe raises several new arguments. Because those arguments were not raised in her opening brief, we do not consider them. (See *Doe v. California Dept. of Justice* (2009) 173 Cal.App.4th 1095, 1115.)

## DISPOSITION

The order granting Johnson's motion to vacate is affirmed. Johnson shall recover his costs on appeal.

VIRAMONTES, J.

WE CONCUR:

STRATTON, P. J.

SCHERB, J.